[Civ. No. 6049.   Fourth Dist.   Nov. 20, 1959.]

ARTHUR W. THORP, Appellant, v. DEPARTMENT OF
ALCOHOLIC BEVERAGE CONTROL, Respondent.

Walter L. Maas for Appellant.

Stanley Mosk, Attorney General, E. G. Funke, Assistant
Attorney General, and William T. Chidlaw, Deputy Attorney
General, for Respondent.

GRIFFIN, P. J.—The appellant, petitioner and licensee, here appeals from an order and judgment of the superior court denying his petition for a writ of mandate annulling the decision of the Department of Alcoholic Beverage Control revoking his on-sale general license.

The petitioner operated the licensed premises, known as Art's Café, in Oildale, Kern County. On May 5, 1956, immediately after the running of the Kentucky Derby, agents of the Department of Alcoholic Beverage Control (hereafter referred to as "Department") entered the licensed premises and observed petitioner behind the bar. A scratch sheet was observed in an office just off the bar. On May 8 the agents revisited the premises and observed the petitioner take several telephone calls during which he made marks on a scratch sheet in front of him and quoted numbers to the caller. After each telephone call, he made a notation on a white slip of paper. These slips of paper were always folded by petitioner and then placed by him in a cigar box located on the back bar. Also on May 8, Agent Constantine heard a patron ask petitioner, "Are you still making the horses?" Petitioner replied, "Yes, but be quiet about it." The patron then gave petitioner some money which was then folded inside a white slip of paper by petitioner and placed in the cigar box on the back bar.

On May 9, Agent Hutchins observed two patrons in the premises hand white slips folded over currency to the petitioner. These slips were similar to those Thorp had marked after listening to telephone calls. On Saturday, May 12, Agent Farrell again entered the licensed premises and observed the petitioner receive many telephone calls after which he made notations on white slips of paper which were then put in his trouser pocket. Soon thereafter several deputies from the Kern County Sheriff's Office and agents of the Department entered the bar, arrested petitioner and searched his person and the premises. Since petitioner does not contend on this appeal that the evidence disclosed by the search is insufficient to support the findings and decision, a detailed statement of the evidence is not required.

During the search, calls were received on petitioner's telephone from unknown persons who attempted to place horse-racing bets.

The department filed an accusation charging petitioner with violation of Penal Code, section 337a, subdivisions 1, 2, 3 and 4 (engaging in bookmaking activities), and with possession of illegal punchboards in violation of Penal Code, section

330b, subdivision 1, and with possessing a blackjack in violation of Penal Code, section 12020. The Department adopted the proposed decision of the hearing officer finding petitioner guilty of the six counts of the accusation. Petitioner's license was revoked separately and severally upon each of four counts charging bookmaking and the license was suspended for two consecutive terms of 15 days each upon the counts charging the punchboard and blackjack violations.

After the decision was affirmed upon appeal to the Alcoholic Beverage Controls Appeals Board, the petition for writ of mandate was filed in the superior court.

The petitioner urges that the evidence uncovered during the search was improperly considered by the hearing officer because the search was illegal. He contends that the rule of *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513] applies to administrative hearings. The Department replies that the Cahan rule does not apply to administrative or civil proceedings and, also, that Business and Professions Code, section 25753, authorizes agents of the Department to conduct inspections which might otherwise constitute unlawful searches. The hearing officer admitted the evidence upon the theory that section 25753 entitled the agents to enter licensed premises at any time and make whatever investigations they deemed necessary. The Appeals Board interpreted the scope of authority granted by section 25753 more narrowly but found that the officers had reasonable cause to believe that a felony was being committed on the premises and were therefore acting within their lawful authority in arresting petitioner and searching the licensed premises incident to the arrest. Petitioner urges that where the hearing officer stated the grounds upon which he was admitting the evidence we cannot examine the record to see if the evidence was admissible on another grounds.

If evidence is admissible under any theory, the grounds stated in the ruling admitting the evidence are immaterial. (*Wilcox* v. *Berry*, 32 Cal.2d 189 [195 P.2d 414] and cases there cited.) Although it may be necessary for the hearing officer to determine whether there was reasonable cause for an arrest as a preliminary issue where the asserted lack of reasonable cause is the basis of an objection to admission of evidence obtained by a search conducted incident to the arrest, separate rulings are not required upon the subsidiary issue and upon the principal issue, i.e., whether the evidence should be admitted or not. The hearing officer, in ruling that

the evidence was admissible, determined the issue raised by petitioner's objection to admission of the evidence. ▋ An appellate court will review the correctness of a trial court's ruling but is not concerned with the reasons assigned therefor. (*Davis* v. *Tanner*, 88 Cal.App. 67, 75 [262 P. 1106].)

An examination of the record reveals that the agents and officers participating in the raid, arrest and search had ample cause to believe that petitioner was then engaged in the commission of a felony. During the agents' previous visits to petitioner's barroom, they observed conduct which would give reasonable and probable cause to believe that petitioner was conducting an illegal bookmaking activity on the premises. Indeed, petitioner admitted as much in his guarded statement overheard by Agent Constantine on May 8. ▋ The barroom was a public place and the agents had a right to enter without a search warrant. (*On Lee* v. *United States*, 343 U.S. 747 [72 S.Ct. 967, 96 L.Ed. 1270]; *Passmore* v. *State*, 870 Okla. 391 [198 P.2d 439]; *Smith* v. *United States*, 105 F.2d 778, 780; *Adler* v. *Department Alcoholic Beverage Control*, 174 Cal.App.2d 256 [344 P.2d 336].) ▋ Merely observing what is apparent and open is not a search. (*People* v. *Jaurequi*, 142 Cal.App.2d 555 [298 P.2d 896]; *People* v. *Washington*, 163 Cal.App.2d 833 [330 P.2d 67].)

▋ The term "reasonable or probable cause," has been defined: "By 'reasonable or probable cause' is meant such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion, that the person accused is guilty." (*In re McCarty*, 140 Cal.App. 473, 474 [35 P.2d 568]; see also *People* v. *King*, 140 Cal.App.2d 1 [294 P.2d 972], and *Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13 [300 P.2d 222].)

The search and seizure following the arrest were legal and proper and the evidence disclosed by the search was properly admitted by the hearing officer.

Since the determination of this appeal does not require a discussion of whether the exclusionary rule of the Cahan case is to be applied in administrative hearings or whether section 25753 of the Business and Professions Code of itself authorizes agents of the Department to engage in searches of the type here conducted, we have not here passed upon these questions.

The judgment is affirmed. Order staying further proceedings by Department of Alcoholic Beverage Control is dissolved.

Mussell, J., and Shepard, J., concurred.