[Crim. No. 4126.   First Dist., Div. One.   Oct. 31, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LYNN
WALTER NORTON, Defendant and Appellant.

Michael Lewton and Noel D. Martin for Defendant and
Appellant.

Stanley Mosk, Attorney General, John S. McInerny and
John F. Foran, Deputy Attorneys General, for Plaintiff and
Respondent.

SULLIVAN, J.—Lynn Walter Norton and Franklin Delano Strong were convicted, after a nonjury trial, of violating section 288a of the Penal Code. The trial court sentenced both defendants to imprisonment, suspended the execution of such sentence, thereupon placed both defendants on probation and ordered them to pay a fine. Norton alone appeals from the judgment of conviction.

Appellant's sole contention here is that the evidence upon which he was convicted was obtained by an illegal search and in violation of the constitutional guarantees of his privacy. (U.S. Const., 4th and 14th Amends.; Cal. Const., art. I, § 19.) He relies entirely on *Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 288], urging that *Bielicki* is practically identical with the case before us and requires a reversal of the judgment herein. We have concluded, however, that the instant case is distinguishable from *Bielicki* on its facts, that the evidence complained of was admissible and that the judgment should be affirmed.

The only witness at the trial was Officer Yasinitsky of the San Francisco Police Department's so-called sex detail. He was produced by the prosecution. Neither of the defendants testified or called witnesses in defense. Officer Yasinitsky testified that on the day of the arrest he was assigned to duty at the Paris Theatre. He was stationed in the men's restroom of the theatre and, while within the men's room proper, had secreted himself behind a marble partition separating part of the room from the other. This marble partition was the back wall of two toilet stalls, themselves separated by a marble partition. On the opposite side of the men's room and directly in front of the toilet stalls were urinals. From his position behind the partition, the officer was able to keep the general area under surveillance by the use of several "observation holes" which had been cut through the marble.

The toilet stall in which the offense was committed was enclosed on three sides only—by a partition on the right, by a wall of the theatre on the left, and in the rear by the wall or marble partition through which Officer Yasinitsky was making his observations. On the fourth side or front of the stall facing the urinals, the toilet door had been removed so that the stall was completely exposed and a person in the men's room proper could see into it.

While stationed behind the above marble partition, Officer Yasinitsky saw the defendant Strong enter and occupy the above toilet stall which was almost directly in front of the

officer's observation post. The appellant who had just entered the men's room, at first used one of the urinals and then entered the toilet stall occupied by Strong where the act proscribed by section 288a then took place.[1] The officer then came out from his hiding place and arrested both defendants.

Appellant's objection to the above testimony ''on the grounds that it is an invasion of the right of privacy and therefore a violation of due process'' was overruled. His motion to strike the testimony on the same grounds was denied.

Contrary to appellant's claim, the instant case is not factually identical with *Bielicki* v. *Superior Court* and is not controlled by the holding of the Supreme Court in the latter case. In *Bielicki,* the police had been authorized by the owner of an amusement park to go on the roof of a building housing pay toilets in order to keep the toilet area under surveillance for possible homosexual activity. A pipe had been installed in the roof through which an observer could see the toilet stalls below and some of the activities of their occupants. Through this pipe, a police officer observed the petitioners, each in one of the stalls, committing a violation of section 286 of the Penal Code through a hole in the partition between the stalls. Prior to making such observation, the officer had never seen or known of the petitioners and ''had no grounds for believing or even suspecting that they had committed or were then committing any crime, or that they were occupying the booths for anything other than a lawful purpose.'' (57 Cal.2d at pp. 605-606.) The Supreme Court granted a peremptory writ of prohibition holding that the above evidence was inadmissible because obtained as a result of ''a general exploratory search conducted solely to find evidence of guilt, a practice condemned both by federal law [citations] and by the law of this state [citations].'' (57 Cal.2d at p. 606.)

Thus, in our view, the factual essence in *Bielicki* was the clandestine observation by the police of a place which by its very physical appointments provided privacy to its occupant. *Bielicki* condemned such conduct by the police because they ''observed activities of petitioners *which no member of the public could have seen,* as they were carried on within the confines of toilet booths each enclosed by three walls and a door. . . .

---

[1] It is not necessary for our decision that we consider previous occurrences observed by the officer, including an uneventful visit to the men's room by the appellant a short time before the offense here involved.

". . . On the facts before us it is undisputed that the activities of petitioners witnessed by Officer Hetzel were not 'in plain sight' or 'readily visible and accessible' (*People* v. *Roberts* (1956), *supra*, 47 Cal.2d 374, 379 [8] [303 P.2d 721]), but rather were hidden from all but the type of exploratory search here conducted." (Emphasis added.) (*Bielicki* v. *Superior Court, supra*, 57 Cal.2d 602, 607.) Such surveillance therefore, because of the character of the place to which it was directed, of necessity invaded the occupants' constitutionally guaranteed right of privacy. The activities observed by the police in *Bielicki* were such that no other member of the public could have seen them, since they were carried on in toilet booths fully enclosed by three walls and a door. Distinguishable therefore, as the Supreme Court concluded, were (a) those cases holding that a consent to search is implied or even unnecessary where illegal acts, observable in or from an area open to the general public, are in plain view to the police as to any member of the public (e.g. *People* v. *Rayson* (1961) 197 Cal.App.2d 33 [17 Cal.Rptr. 243]) ; and (b) those cases holding that looking through a window does not constitute an unreasonable search (e.g., *People* v. *Martin* (1955) 45 Cal.2d 755 [290 P.2d 855]).

The above critical circumstance of "privacy of place" is not present in the case before us. Appellant and his codefendant did not carry on their criminal activities in a private place, but in a doorless toilet stall which opened onto the public part of a public restroom. Their activities were not, as in *Bielicki*, such that no other member of the public could have seen them. They were conducted in the plain view of any member of the public who might happen to use the restroom. Had the police entered the public part of the restroom they could have observed such activities in the same way as any member of the public. If appellant had any right of privacy, he certainly waived it.

As the court pointed out in *Bielicki*, the term "search" as used in the pertinent provisions of the United States and California Constitutions imports a definite concept. " '[T]he term implies some exploratory investigation or an invasion and quest, a looking for or seeking out. . . . A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way.' (*People* v. *West* (1956) 144 Cal.App.2d 214, 219 [5] [300 P.2d 729].) '' (*Bielicki* v. *Superior Court, supra*, 57 Cal.2d at p. 605.) Merely to observe what

is perfectly apparent to any member of the general public who might happen to be on the premises is not a search. (*People* v. *Roberts* (1960) 182 Cal.App.2d 431, 437-438 [6 Cal. Rptr. 161]; *People* v. *Rayson, supra*, 197 Cal.App.2d 33, 38-39; *Thorp* v. *Department of Alcoholic Beverage Control* (1959) 175 Cal.App.2d 489, 492 [346 P.2d 433].) Since appellant's offense was therefore committed out in the open, it made no difference that it was observed by the arresting officer from a hidden position from which he could conduct a more effective vigil.

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 26, 1962. Peters, J., was of the opinion that the petition should be granted.