[Crim. No. 8577. Second Dist., Div. Two. July 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GARRICK EARL MURRAY, Defendant and Appellant.

Apple & Cohen and Irving D. Apple for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was convicted of the charge of possession of marijuana (Health & Saf. Code, § 11530). He has appealed from the judgment (order granting probation) and sentence.

On March 2, 1962, at approximately 10:10 p.m., Officer A. L. Allen of the North Hollywood division of the Los Angeles Police Department, observed defendant going towards the rear of a laundromat at Magnolia and Cartwright. He was not carrying any clothes but did have a brown paper bag. As there had been numerous burglaries of laundromats in the area, the officer decided to investigate. He parked and entered the laundromat but no one appeared to be in it. He went to the rear where there was a men's restroom, tried the door and found it locked. At this point a male voice from inside said, "Just a moment." The officer then heard the toilet flush. Officer Allen went outside of the laundromat and peered through the window into the restroom, which was lighted. The window had had paint on it but there were numerous places where the paint had worn off and the window could be seen through. These various unobstructed spots on the window were probably 2 inches in diameter. It was

not necessary for the officer to stand on anything to look through these various spots. When the officer first observed defendant in the washroom he was facing the officer. He had in his arm a brown paper bag and in his hands a wax cellophane bag which was open. Defendant was looking in the latter bag. The officer could see into the bag and observed a leafy substance which in his opinion was marijuana.

The officer came back inside the laundromat and kicked in the door, at which time he observed defendant bending over a wastebasket in the corner. He recovered a cigarette from defendant's lips or mouth, then went through the wastebasket and recovered a brown paper bag that appeared to be the one he had previously observed defendant carrying. The cigarette and the paper bag both contained marijuana. The officer thereupon arrested defendant.

Officer Gastaldo had a conversation with defendant. Officer Allen stated to defendant that Officer Gastaldo had related this conversation to him. Officer Allen stated that Officer Gastaldo had informed him that defendant had said: ". . .'A chick gave me a number to call if I wanted some stuff.' He stated, 'I called this number this night and I told the fellow I wanted three sacks. He stated that it would cost me $15 per sack and I drove to Burbank and Coldwater Canyon where we made the switch.' Further he stated he asked this person if the stuff was good. He stated at this time that the fellow told him that, 'Here is a cigarette; you smoke it and try it.' He stated. 'I was smoking the cigarette as I drove back towards North Hollywood.' He said, 'Then I came to the laundromat and I decided to go into the laundromat to check and see what kind of stuff I bought.' " Defendant stated this was correct. This statement was made freely and voluntarily.

The defendant did not testify, nor did he offer any evidence in his behalf.

 Defendant's sole contention for reversal is that the contraband obtained by the officer was the product of an illegal search and seizure and therefore inadmissible in evidence.

It will be recalled that Officer Allen observed defendant entering a laundromat at approximately 10:10 p.m. which was located in an area where numerous burglaries of laundromats had occurred; that he was carrying a brown paper bag but he did not have any clothes in his hands. This caused the

officer to investigate. He therefore entered the laundromat. He, of course, had a legal right to enter this business establishment without a search warrant. (*People* v. *Roberts,* 182 Cal.App.2d 431, 437 [6 Cal.Rptr. 161].) There was nothing illegal about his initial attempt to open the door to the men's restroom. The officer was simply pursuing usual investigative procedure. Finding the door locked, he proceeded on through the building into the outside area. This, of course, violated none of defendant's rights. (*People* v. *Montes,* 146 Cal.App.2d 530, 533 [303 P.2d 1064].) The officer then looked through the unpainted portion of the window into the men's restroom where he observed defendant examining a leafy substance which his previous police experience indicated to him was marijuana. It has been repeatedly held that looking through a window does not constitute an unreasonable search. (*People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Hen Chin,* 145 Cal.App.2d 583, 586 [303 P.2d 18]; *People* v. *Rayson,* 197 Cal.App.2d 33, 39 [17 Cal. Rptr. 243].) Hence this observation of the officer did not violate any of defendant's constitutional rights. Once the officer observed defendant in possession of contraband, it was proper for him to enter and arrest defendant for a felony which was committed in his presence and he was therefore entitled to make the arrest without a warrant. (Pen. Code, § 836, sub. 1; *People* v. *Bradley,* 152 Cal.App.2d 527, 532 [314 P.2d 108].)

 Further, defendant may not complain that the officer entered without a demand or explanation of his purpose since it is probable that if such demand had been made, the incriminating evidence would have been destroyed. (*People* v. *Montano,* 184 Cal.App.2d 199, 205 [7 Cal.Rptr. 307].)

 It is therefore apparent that the police officer had sufficient probable cause to enter the restroom and arrest defendant and search the premises and that in so doing, he did not violate any of defendant's constitutional rights against unreasonable search and seizure. The contraband was legally obtained and properly admissible in evidence. (*People* v. *Norton,* 209 Cal.App.2d 173 [25 Cal.Rptr. 676]; *People* v. *Young,* 214 Cal.App.2d 131 [29 Cal.Rptr. 492].)

Defendant's reliance on *Bielicki* v. *Superior Court,* 57 Cal. 2d 602 [21 Cal.Rptr. 552, 371 P.2d 288], and *Britt* v. *Superior Court,* 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817], is misplaced because the factual situation in the instant

case is readily distinguishable from those involved in the cited cases. (See analysis of *Bielicki* in *Norton, supra.*)

The judgment (and sentence, which are one and the same) is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied August 1, 1963, and appellant's petition for a hearing by the Supreme Court was denied September 11, 1963.