[Crim. No. 9582.   Second Dist., Div. Four.   Apr. 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD DALE HENSEL, Defendant and Appellant.

Herbert E. Selwyn for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and John F. McLaren, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged by information with a violation of section 288a of the Penal Code (oral copulation). Jury was waived, and the matter was submitted on the transcript of the testimony taken at the preliminary examination, without additional testimony. Under circumstances hereinafter described, he was ultimately found guilty of a violation of subdivision (a) of section 647 of the Penal Code.[1] He was sentenced to a term of 60 days in the county

[1]We note that the judgment as entered refers to a violation of "Section 647a." That section deals with child molestation and, by no stretch of the imagination could have been violated by any conduct alleged or proved in this case. Counsel on appeal both agree that the court meant

jail, sentence was suspended and he was put on probation for one year. He has appealed from the order granting probation (Pen. Code, § 1237).

On appeal, he contends: (1) that the evidence against him was illegally obtained and, thus, was inadmissible; (2) that the court erred in finding him guilty of a violation of section 647, since that is not a lesser and necessarily included offense within the offense (§ 288a) with which he was charged. We conclude that neither contention is valid.

I

The sole evidence against defendant was that of the arresting officer. The officer testified that he had stationed himself where he could look through a ventilation screen into the men's toilet of a public park. While so stationed, he observed defendant and his codefendant engage in an act of oral copulation. They were standing near a row of urinals. The rest room was approximately 20 by 15 feet, with five urinals without partitions or dividers and three toilets enclosed on three sides but without doors. The men were in plain view of anyone entering the rest room.

Defendant relies on *Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 288], and on *Britt* v. *Superior Court* (1962) 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817], in both of which cases evidence obtained by clandestine observations of the occupants of a public rest room was held to have been obtained in violation of a right of privacy and, therefore, illegally obtained. Neither case is here in point. The controlling cases are *People* v. *Norton* (1962) 209 Cal.App.2d 173 [25 Cal.Rptr. 676], and *People* v. *Young* (1963) 214 Cal.App.2d 131 [29 Cal.Rptr. 492], in both of which petitions for hearing by the Supreme Court were denied. In *Bielicki,* and in *Britt,* the defendant's activities were carried on in a place not open to public view. Here, as in *Norton,* and in *Young,* although the officer was hidden, the defendant's conduct was in a place open to view by anyone entering the room. As we recently said in *People* v. *Aguilar* (1965) 232 Cal.App.2d 173, 177 [42 Cal.Rptr. 666]: "If a defendant conducts his activities under circumstances indicating an indifference to public observation, he cannot object if the observer is a policeman."

subdivision (a) of section 647; we accept that stipulation, in part because common oral reference to these sections makes confusion easy if not inevitable. Our decision herein corrects the typographical error in the judgment.

## II

The information charged a violation of section 288a, couched in the language of that section. After the court had announced its finding of guilty as charged, a motion for a new trial was made and denied. Defendant's counsel urged the court to reconsider and reduce the offense to that of a violation of section 650½ (an offense not within the registration provisions of section 290 of the Penal Code). After discussion, the court made an order setting aside its order denying a new trial, entertained a renewed motion and, in ruling on this second motion, the court reduced the offense to a violation of subdivision (a) of section 647 and then denied the motion for a new trial for the offense as so modified.

█ Preliminarily, the Attorney General argues that the trial court, having once denied a motion for a new trial, was without jurisdiction to vacate that order and entertain a new motion.[2] In support of this contention, he cites a footnote in *In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403], and the case of *People* v. *Paysen* (1932) 123 Cal.App. 396 [11 P.2d 431]. Neither case is in point. In both, the new trial proceedings had been completed and a substantial period of time had elapsed before, at a different session of the court on a different day, there was any attempt to renew the motion. But here the order denying the new trial motion had not yet been entered in the minutes, nor had any subsequent proceeding in the case begun.

█ Where sentence has been pronounced, the trial court has authority to vacate it and to enter a different sentence at any time before the sentence is entered in the minutes or the execution of the sentence has begun. (*People* v. *Thomas* (1959) 52 Cal.2d 521 [342 P.2d 889].) █ We see no reason why an order denying a new trial should be any more

---

[2]The Attorney General also argues that the second motion was improperly granted because counsel did not, at that time, expressly state his grounds. However, the first motion was based on a ground—insufficiency of evidence—which is one of the grounds provided in section 1181 of the Penal Code; everyone involved regarded the motion, as previously made, to be renewed. In ruling on a motion on that ground, the court has statutory power to reduce the offense. (Pen. Code, § 1181, subdivision 6). In the discussion, both the deputy district attorney, defense counsel and the court, commented on the fact that, since defendant and his associate had been observed for a matter of seconds only, the evidence of a completed offense was weak. Whether the trial court was actually motivated by a doubt as to the sufficiency of the evidence or by feelings of leniency, it is clear that defense counsel adequately brought his request within the technical boundaries of section 1181.

sacrosanct. If the possibility of error, or of an unwise use of discretion, is suggested to the trial court, before its order has become fixed either by clerical entry or by subsequent official action based on the order, the trial court should, and we are convinced does, have the power to reexamine its ruling.

■ We agree with defendant that a violation of section 647, subdivision (a), is not a "lesser and necessarily included" offense within section 288a. ■ The basic test has been stated as follows: "Where the offense charged cannot be accomplished without in the process committing the lesser offense, that lesser offense is a necessarily included offense. And, conversely, if the two offenses so differ in their elements that the offense charged can be committed independently of the lesser offense, a verdict of guilty of the lesser offense is unauthorized and void." (Witkin, Cal. Criminal Procedure (1963) § 542, p. 553.)

■ Since subdivision (a) of section 647 can be violated only by conduct in "any public place or in any place open to the public or exposed to public view," whereas the offense denounced by section 288a can be committed in any place, public or private, it necessarily follows that no "necessarily included" offense was present.[3]

■ However, the basic test as above stated is subject to certain exceptions:

(1) If the indictment or information, as drawn and on which a defendant was arraigned, contains allegations not necessary for a pleading of the major offense but which interject, as additional allegations, sufficient facts so that the

---

[3]The two sections read as follows:

Section 288a: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding 15 years, or by imprisonment in the county jail not to exceed one year; provided, however, whenever any person is found guilty of the offense specified herein, and it is charged and admitted or found to be true that he is more than 10 years older than his coparticipant in such an act, which coparticipant is under the age of 14, or that he has compelled the other's participation in such an act by force, violence, duress, menace, or threat of great bodily harm, he shall be punished by imprisonment in the state prison for not less than three years. The order of commitment shall expressly state whether a person convicted hereunder is more than 10 years older than his coparticipant and whether such coparticipant is under the age of 14. The order shall also state whether a person convicted hereunder has compelled coparticipation in his act by force, violence, duress, menace, or threat of great bodily harm."

Section 647: "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:

"(a) Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

elements of the "lesser" offense are fully set out, then a verdict or finding of guilt of the "lesser" offense is valid. (*People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].)

█ (2) Where there is but a single offense, but that offense carries different consequences depending on the manner of its commission, the formal pleading may be aided by the testimony produced at the preliminary examination—the testimony and the formal pleading, together, adequately advising the defendant of the case he will be expected to meet at the trial. (*People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal. Rptr. 158, 351 P.2d 326].)

In *People* v. *Leech* (1965) 232 Cal.App.2d 397 [42 Cal. Rptr. 745], a judgment of conviction, based on a jury verdict of guilty of a violation of section 417 of the Penal Code, was reversed because the information had charged a violation of section 245 and we concluded that the offense denounced by section 417 was not a necessarily included offense within that denounced by section 245. However, in *Leech,* the trial court had submitted the case to the jury under both section 245 and section 417. There is nothing in the record of that case to indicate that the defendant had requested, or had consented to, the submission of any offense other than the single offense (a violation of section 245) which was pleaded. █ By virtue of sections 1176 and 1259 of the Penal Code, this action of the trial court, not having been invited or acquiesced in by defendant, was before the appellate court for review. But in the case at bench, the case had been heard by the trial court without a jury; the interjection of section 647, subdivision (a) was part of a running discussion between court and counsel, designed to arrive at a just determination of a particular case on its own particular facts. Clearly, with the consent of defendant, the information could, at that juncture, have been amended to add, as an additional count, a charge of violating subdivision (a) of section 647. Defendant had, earlier, expressly asked the court to "reduce" his offense to a violation of section 650½, and thereby impliedly consented that the information be treated as though that offense had been charged and pled to. But, insofar as section 650½ could be applicable to defendant, it also introduced the element of publicity.[4] Having, thus, himself, tendered to the court for action an offense which charged him with "public" conduct, he cannot complain that the court, unwilling to go

---

[4]Section 650½: "A person who wilfully and wrongfully commits any act which . . . openly outrages public decency, . . ."

as far as he desired, adopted as the basis for its decision another statutory section which also added to the language of the information that same element of public conduct.

We conclude that the effect of the proceedings had in the trial court in this case was to accomplish an informal amendment of the information to include a charge which was supported by the evidence although not by the original information; and that defendant knowingly allowed the case to proceed to judgment on the information as thus amended. Having, by this method, secured an acquittal of the original charge, defendant may not now repudiate the proceedings in which he participated.

The judgment is modified by deleting therefrom the reference to "Section 647a, Penal Code," and substituting therefor "subdivision (a) of Section 647, Penal Code"; the order appealed from is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 23, 1965.