[Crim. No. 14357. Second Dist., Div. Two. Oct. 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. PHILIP SEYMOUR HEATH, Defendant and Appellant.

Morris Lavine for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the order granting probation entered following a nonjury trial that resulted in his conviction of violating Penal Code section 415.[1] Appellant contends (1) that he "was convicted on evidence secured in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States;" and (2) that "the court erred in the sentence which was in excess of the amount authorized by section 415 of the Penal Code, to wit, a fine of $250, and erred in providing for three years' probation when the maximum term of the sentence was 90 days." With the exception of that relating to the amount of the fine, appellant's contentions are without merit.

█ The evidence supporting appellant's conviction consisted of the testimony of a police officer who, from a concealed vantage point, had observed appellant and another man committing an act of sexual perversion in a doorless commode stall located in a public toilet and exposed to the full view of any member of the public entering the toilet. To *observe* from a hidden area that which is open to public view does not constitute an unreasonable *search*.

"It has been consistently held that it is proper to receive testimony of police officers as to their observation of acts of sexual perversion through hidden peepholes looking into a public men's rest room where the acts were committed in the open area of the room and would have been in plain view of anyone entering. . . ." (*People* v. *Roberts*, 256 Cal.App.2d

---

[1]The parties stipulated that for purposes of this proceeding, Penal Code section 415 might be deemed a lesser offense included within the crime defined by Penal Code section 288a with which appellant was charged. Such stipulation is equivalent to an informal amendment of the information to include a charge which was supported by the evidence although not set forth in the original information filed herein. (Cf. *People* v. *Hensel*, 233 Cal.App.2d 834, 838-840 [43 Cal.Rptr. 865].) Appellant does not contend to the contrary.

488, 494 [64 Cal.Rptr. 70]; *People* v. *Maldonado,* 240 Cal. App.2d 812, 813-814 [50 Cal.Rptr. 45]; *People* v. *Hensel,* 233 Cal.App.2d 834, 836 [43 Cal.Rptr. 865] (hearing denied); *People* v. *Young,* 214 Cal.App.2d 131, 133-135 [29 Cal.Rptr. 492] (hearing denied); and *People* v. *Norton,* 209 Cal.App.2d 173, 174-177 [25 Cal.Rptr. 676] (hearing denied).)

Appellant recognizes that it is not the province of an intermediate appellate court to ''overrule'' the explicit holdings of prior decisions in which our highest court has repeatedly denied petitions for hearing. Rather, he argues that ''The modification[2] by [the above cited decisions of] the *Bielicki* case [*Bielicki* v. *Superior Court,* 57 Cal.2d 602 (21 Cal.Rptr. 552, 371 P.2d 288)] because a door was removed from toilets and thus it was a place that was investigated, not the privacy of the person, has now been altered by the *Katz* case [*Katz* v. *United States,* 389 U.S. 347 (19 L.Ed.2d 576, 88 S.Ct. 507)].'' Our reading of the decision in *Katz* requires us to reject such contention. The specific language of *Katz* on which the argument is founded is as follows (pages 581-582 [19 L.Ed.2d]) : ''Because of the misleading way the issues have been formulated, the parties have attached great significance to the characterization of the telephone booth from which the petitioner placed his calls. The petitioner has strenuously argued that the booth was a 'constitutionally protected area.' The Government has maintained with equal vigor that it was not. But this effort to decide whether or not a given 'area,' viewed *in the abstract,* is 'constitutionally protected' deflects attention from the problem presented by this case. For the Fourth Amendment protects people, not places. *What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.* [Citations.] But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected. [Citations.]

''The Government stresses the fact that the telephone booth from which the petitioner made his calls was constructed partly of glass, so that he was as visible after he entered it as

---

[2]We reject, of course, the assertion that the cited appellate court decisions were, or could possibly be, ''modifications'' of the Supreme Court's decision in *Bielicki.* They are entirely consistent with *Bielicki* and did no more than refuse to ''modify'' it by extending its scope to circumstances to which it was not applicable. Likewise, in *Britt* v. *Superior Court,* 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817], emphasis was given to the fact that the toilet booth was so constructed that it provided a reasonable expectation of privacy.

he would have been if he had remained outside. *But what he sought to exclude when he entered the booth was not the intruding eye—it was the uninvited ear.* He did not shed his right to do so simply because he made his calls from a place *where he might be seen.* No less than an individual in a business office, in a friend's apartment, or in a taxicab, a person in a telephone booth may rely upon the protection of the Fourth Amendment. One who occupies it, *shuts the door* behind him, and pays the toll that permits him to place a call, is surely entitled to assume *that the words he utters* into the mouthpiece will not be broadcast to the world.'' (Italics added.)

It appears manifest that the teaching of *Katz* offers further support to the holding of the California decisions, cited *supra,* rather than weakening them. The test is not whether a *place,* in this instance one containing toilet facilities, is to be regarded as a sanctuary in the abstract, but rather whether the conduct and reasonable expectations of the *person* utilizing such a *place* entitles him to freedom from judicially unauthorized surveillance. ''If a defendant conducts his activities under circumstances indicating an indifference to public observation, he cannot object if the observer is a policeman.'' (*People* v. *Aguilar,* 232 Cal.App.2d 173, 177 [42 Cal. Rptr. 666].)

This point finds further explicit recognition in Justice Harlan's concurring opinion in *Katz* wherein he observed at pages 587-588 [19 L.Ed.2d] : ''As the Court's opinion states, 'The Fourth Amendment protects people, not places.' The question, however, is what protection it affords to those people. Generally, as here, the answer to that question requires reference to a 'place.' My understanding of the rule that has emerged from prior decisions is that there is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.' Thus a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited. On the other hand, conversations in the open would not be protected against being overheard, for the expectation of privacy under the circumstances would be unreasonable. [Citation.] ''

In what is apparently an attempt to avoid the application of the foregoing principles to his specific conduct, appellant urges that because the nature of his act was such that he stood inside the open stall facing his seated co-participant, he thereby partially obscured the public's view of the prohibited action in which they were engaged. This, he argues, manifested his desire for privacy. With the exception of those who intentionally commit acts of indecent exposure, it may well be that persons who engage in various forms of prohibited sexual perversion would prefer that their conduct escape detection by anyone and certainly by the police. This hope, however, is common to nearly all participants in criminal enterprises. To date it has not been deemed worthy of constitutional protection.

Appellant's contention regarding the extent of his probationary term is without merit. (Pen. Code, § 1203a.) However, as the Attorney General concedes, the fine imposed does exceed the maximum provided by the statute governing the offense of which appellant was convicted. (Pen. Code, § 415.)

The fine imposed is reduced from $250 to $200 and, as thus amended, the order granting probation is affirmed.

Roth, P. J., and Fleming, J., concurred.