[Crim. No. 18202. Second Dist., Div. One. Dec. 14, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES SPRAY CRAFTS et al., Defendants and Respondents.

## Counsel

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Donahue, Katnik, Katnik & Liechty and Arthur J. Donahue for Defendants and Respondents.

## Opinion

**GUSTAFSON, J.**—On October 14, 1969, two police officers were stationed in a room adjoining the men's restroom in a public park. The floor of the room is higher than the floor of the restroom. The wall separating the room from the restroom contains an opening covered with transparent material through which the restroom can be seen from the adjoining room. The opening is at a height which enables someone in the room to be comfortably seating in a chair while looking through the opening into the restroom. The only articles in the room were two chairs upon which the two police officers sat. The record does not disclose that the room had any purpose other than that for which it was used by the two police officers.

The officers observed one defendant sitting on a toilet located in a stall without a door and the other defendant standing at a urinal on the opposite wall. The defendant seated on the toilet walked over to the other defendant, dropped to his knees and put the other defendant's erect penis in his mouth.

While these activities could not have been seen from the doorway to the restroom, they could have been seen by anyone who came a few feet into the restroom. The officers thereupon left the observation room, entered the restroom, arrested the defendants and charged them with violating section 288a of the Penal Code.

██ After being held to answer by a magistrate, defendants moved in the superior court under section 1538.5 of the Penal Code for an order suppressing evidence of what was observed by the officers. The motion was granted and the prosecution having indicated that it had no other evidence, the court dismissed the action pursuant to section 1385 of the Penal Code. The prosecution appeals from the order of dismissal. (Pen. Code, § 1238, subd. (7).)

The judge below relied upon *Bielicki* v. *Superior Court* (1962) 57 Cal. 2d 602 [21 Cal.Rptr. 552, 371 P.2d 288] and *Britt* v. *Superior Court* (1962) 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817], cases cited to him by the defendants. In each instance the prohibited sexual conduct between two males occurred within a fully enclosed stall in a restroom and was observed by officers from a vantage point located above the restroom to which point the general public had no access. In each case it was held that the police conducted an unreasonable search. In *Britt* that conclusion was reached despite the fact that an officer entering the restroom could have seen what defendants were doing because the walls and door of the stall did not extend down to the floor. The court held that this was immaterial because "the fact remains that [the officer] was not so stationed and the subject evidence was not so obtained." In the case before us the vantage point was not open to the public and even though the officers could have seen what was occurring had they been in the restroom, they were in fact not in the restroom and the evidence was not so obtained.

Subsequent decisions of Courts of Appeal have held that if an officer observes prohibited conduct from a vantage point not open to the public, there is no unreasonable search if that conduct could have been observed had the officer been in an area open to the public. By its denials of petitions for hearings in those cases, the Supreme Court has, we believe, acquiesced in that position and retreated from its position expressed in *Britt*.

In *People* v. *Norton* (1962) 209 Cal.App.2d 173 [25 Cal.Rptr. 676] the police officer was hiding within the restroom and observed the prohibited act taking place in a doorless stall. The fact that the stall was doorless distinguishes the case from *Bielicki*, but not from *Britt*. While

there was a door in *Britt*, a member of the public could have seen the criminal act because the bottom of the door was a considerable distance from the floor. In contrast to what was said in *Britt*, the court in *Norton* said: "Had the police entered the public part of the restroom they could have observed such activities in the same way as any member of the public." The Supreme Court denied a hearing.

In *People* v. *Young* (1963) 214 Cal.App.2d 131 [29 Cal.Rptr. 492] the facts were almost identical to those in the case now before us. Although a police officer could have seen the criminal conduct had he entered the restroom, the fact is that he did not observe it by this method. The court noted that if an officer were required to limit his observations from inside the restroom, detection could be easily avoided by the posting of a lookout at the door by the criminals to give warning that someone was about to enter the restroom. A hearing was denied by the Supreme Court.

*People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865] involved facts substantially similar to those in our case. Relying on *Norton* and *Young*, the court held that there was no unreasonable search. The Supreme Court denied a hearing.

Similar cases are *People* v. *Maldonado* (1966) 240 Cal.App.2d 812 [50 Cal.Rptr. 45]; *People* v. *Roberts* (1967) 256 Cal.App.2d 488 [64 Cal.Rptr. 70]; and *People* v. *Heath* (1968) 266 Cal.App.2d 754 [72 Cal. Rptr. 457].

The prosecuting attorney did not cite to the judge any of these cases of the Courts of Appeal. Had he done so, it is likely that the judge's ruling would have been different. The time has long since passed when a superior court judge in Los Angeles can afford to spend the time researching the case law before ruling on a motion of this kind. ■ A judge expects, and has a right to expect, that the attorneys for the litigants will call to his attention the pertinent case law so that he can promptly rule on the motion. ■ The judge's ruling was quite understandable on the basis of the only cases cited to him. The motion to suppress was set on December 18, 1969, for hearing February 16, 1970, so that the prosecutor had two months to prepare for it. Failure of the prosecutor to come prepared for the hearing on the motion to suppress (at which he must have known what the sole question of law would be) has resulted in the expenditure of public funds for the preparation of the clerk's and reporter's transcripts, the preparation of a brief for this appeal and the processing of this case by this court

and its personnel. Although this is an exasperating situation, we are unaware of anything we can do to minimize the probability of its recurrence.

The order is reversed.

Wood, P. J., and Thompson, J., concurred.