[Crim. No. 19894. Second Dist., Div. Five. Dec. 15, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK HAMILTON METCALF, JR., Defendant and Appellant.

COUNSEL

Walter Culpepper for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Arnold O. Overoye and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Roger Arnebergh, City Attorney, Michael T. Sauer, Assistant City Attorney, and Steven A. Schwaber, Deputy City Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

**AISO, J.**—Defendant and a codefendant (not a party to this appeal) were charged by an information with a violation of Penal Code section 288a. Defendant's motions pursuant to Penal Code sections 995 and 1538.5 were denied. Defendant then waived his rights to a jury trial, to confront and cross-examine witnesses, and his privilege against self-incrimination, and further stipulated to the cause being submitted on the transcript of the preliminary hearing. Defendant's trial counsel and defendant personally

stipulated to a violation of Penal Code section 647, subdivision (b), being a "lesser included offense to 288a of the Penal Code" and defendant was then found guilty of a violation of Penal Code section 647, subdivision (b).[1]

Defendant waived a formal probation hearing. Proceedings were suspended and defendant was placed upon summary probation for six months conditioned upon his payment of a fine and a penalty assessment in the amount of $125. On the same date as the order placing him on probation, defendant paid the fine and penalty assessment. Likewise on the same date, the trial court ordered probation terminated and the "case dismissed pursuant to Section 1203.3 . . . and 1203.4" of the Penal Code. Defendant's appeal "from the judgment" we construe to be from the order granting probation. (Pen. Code, § 1237, subd. 1.)

Defendant urges upon this appeal that his motion under Penal Code section 1538.5 should have been granted on the basis that observations by a police officer violated defendant's Fourth Amendment rights. (Pen. Code, § 1538.5, subd. (m).) Since we find merit in this contention, it is unnecessary for us to deal with other questions, e.g., whether a violation of Penal Code section 647, subdivision (b), is a lesser included offense to a violation of Penal Code section 288a with or without a stipulation, or whether we have a type of *People* v. *West* (1970) 3 Cal.3d 595, 611-613 [91 Cal.Rptr. 385, 477 P.2d 409] situation.

Officer Hindricks of the Los Angeles Police Department testified that he observed the codefendant orally copulate defendant's private parts while he (Officer Hindricks) was secreted in a service closet adjacent to a men's room in a May Company department store. Defendant, at the time he was thus observed, was partially inside a commode stall. The codefendant was in a corridor outside the stall. None of the stalls in the restroom had doors. Officer Hindricks made his observation through what he referred to as "a louvered window" in the service closet door. However, when asked if there was any glass in the door, the officer replied that there was not. We therefore, infer that the louvers were wooden slats.

Defendant contends that the officer's observations from behind the louvered door violated his reasonable expectations of privacy and therefore constituted an unreasonable search. He relies upon two Supreme

---

[1]Penal Code section 647, subdivision (b), provides that every person "[w]ho solicits or who engages in any act of prostitution" is guilty of a misdemeanor and that "[a]s used in this subdivision, 'prostitution' includes any lewd act between persons for money or other consideration."

Court decisions (*Bielicki* v. *Superior Court* (1962) 57 Cal.2d 602 [21 Cal. Rptr. 552, 371 P.2d 288], and *Britt* v. *Superior Court* (1962) 58 Cal.2d 469 [24 Cal.Rptr. 849, 374 P.2d 817]) which disapproved such surreptitious surveillance when it enabled the officer to see into a toilet stall which was enclosed by a door. Subsequent decisions by the Courts of Appeal distinguished between toilet stalls with doors and those without and held *Bielicki, supra,* and *Britt, supra,* inapplicable to the latter type of facility. (See, e.g., *People* v. *Crafts* (1970) 13 Cal.App.3d 457 [91 Cal.Rptr. 563]; *People* v. *Heath* (1968) 266 Cal.App.2d 754 [72 Cal.Rptr. 457]; *People* v. *Roberts* (1967) 256 Cal.App.2d 488 [64 Cal.Rptr. 70]; *People* v. *Maldonado* (1966) 240 Cal.App.2d 812 [50 Cal.Rptr. 45]; *People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865]; *People* v. *Young* (1963) 214 Cal.App.2d 131 [29 Cal.Rptr. 492]; *People* v. *Norton* (1962) 209 Cal.App.2d 173 [25 Cal.Rptr. 676].)

In 1969, however, the Legislature enacted section 653n of the Penal Code which provides in pertinent part: "Any person who installs or who maintains after April 1, 1970, any two-way mirror permitting observation of any restroom, toilet, bathroom, washroom, shower, locker room, fitting room, motel room, or hotel room, is guilty of a misdemeanor.

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

" 'Two-way mirror' as used in this section means a mirror or other surface which permits any person on one side thereof to see through it under certain conditions of lighting, while any person on the other side thereof or other surface at that time can see only the usual mirror or other surface reflection."

All of the above cited cases which refused to suppress evidence obtained through surreptitious surveillance ruled on evidence obtained before section 653n of the Penal Code became effective. The offense involved herein occurred on August 1, 1970.

██   We believe that the enactment of section 653n enunciates a public policy against clandestine observation of public restrooms and renders it reasonable for users thereof to expect that their privacy will not be surreptitiously violated. ██   The method of surveillance employed in this case, in our opinion, violates the spirit and policy considerations which led to the enactment of section 653n and therefore should not be given this court's sanction. The motion to suppress the officer's testimony as to matters illegally observed was erroneously denied. (Cf. *Katz* v. *United States* (1967) 389 U.S. 347 [19 L.Ed.2d 576, 88 S.Ct. 507] cited for the

expectation of privacy principle in *People* v. *Edwards* (1969) 71 Cal.2d 1096, 1103 [80 Cal.Rptr. 633, 458 P.2d 713].)

The judgment (order granting probation) is reversed.

Stephens, Acting P. J., and Reppy, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 10, 1972.