[Crim. No. 32409. Second Dist., Div. Two. Mar. 1, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR ARTHUR WILLIAMS, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Edward H. Schulman and Gregory H. Tomlin, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—Appellant was convicted in the Los Angeles Superior Court of robbery with a firearm in El Monte on 4 April 1977, with two prior felony convictions. He appeals the judgment.

Appellant came to the attention of the police on 4 May 1977 when he was arrested in Alhambra driving an automobile with a loaded .38 Colt revolver in a jacket in the back seat. On May 6 a misdemeanor complaint was filed in the Alhambra Municipal Court charging him with misdemeanors connected with possession of the revolver (Pen. Code, § 12021, ex-felon in possession of concealable weapon; § 12025, concealed weapon in vehicle; and § 12031, subdivision (a), loaded firearm in vehicle in incorporated city). In the misdemeanor cause appellant moved under Penal Code section 1538.5 to suppress evidence of the revolver as the product of an illegal search and seizure. On May 19 the municipal court dismissed the misdemeanor complaint, apparently after ruling in appellant's favor on the suppression motion.[1]

Thereafter on June 6 a felony accusation of robbery was filed against appellant in the Los Angeles Superior Court. Appellant sought to

---

[1]The minutes contained in the docket indicate "Motion granted. People are unable to proceed to trial. Case dismissed in the interest of justice." The transcript of the hearing, however, discloses appellant's counsel stated prior to any ruling, "Your Honor, I would withdraw the [1538.5] motion and offer to waive jury, and submit the case as a court trial based on the testimony that has been taken so far." The trial court, seemingly ignoring the withdrawal, stated that, "Before we get to that point there are some questions as to the validity of the search in my mind." It then apparently concluded the search was illegal and simply announced, "Pursuant to 1385 the case will be dismissed" without specifying any reasons.

suppress evidence of the revolver in the felony cause on the basis of the earlier ruling in the misdemeanor cause. His motion to suppress evidence as a matter of law on the basis of collateral estoppel or res adjudicata was twice denied, and a new section 1538.5 motion to suppress evidence was denied on the facts.

Evidence at the trial disclosed that about 8:55 p.m. on the day of the robbery Barbara Westerhouse, an employee of Woolworth's store in El Monte, was working at a cash register in the store when a man pulled a gun on her and said, "This is a holdup. Put all the money in the bag." During the time she was complying, an interval of "a couple of minutes," the robber remained in her immediate presence, at one time standing within three feet of her. She was able to note his clothing, his hair, and his facial appearance. About a week after the robbery she prepared a composite drawing with police assistance, and some weeks thereafter she identified appellant as the robber, both from photographs and in a formal lineup.

Dolores Patterson, another employee of Woolworth's, observed appellant walking around the store about 8:45 p.m. on the day of the crime. At one point he came within 10 feet of her. She verified the robber's resemblance to the composite prepared by Westerhouse, and she subsequently identified appellant as the robber from photographs and from the lineup.[2]

The arresting officers related their recovery of the loaded .38 Colt revolver from the jacket in the back seat of the automobile driven by appellant. The revolver closely resembled the gun described by Westerhouse, and it was received in evidence.

A defense witness, Figueroa, a fellow inmate of appellant in the same lockup cell, claimed he was responsible for the robbery, but Westerhouse testified she had never seen him before and that he bore no resemblance to the person who had robbed her.

I

Appellant urges that the suppression of the revolver by the municipal court in the misdemeanor cause precluded its admission in evidence by

---

[2]Patterson admitted on cross-examination she had not filled out the witness card provided her at the lineup because she "didn't want to get involved," but both she and Westerhouse testified they were certain of the identification.

the superior court in the felony cause. He relies on the text of Penal Code section 1538.5 subdivision (d), which reads: "(d) If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing . . . ." In effect, appellant argues that the suppression of the revolver by the Alhambra Municipal Court forecloses its use as evidence in any other California proceeding, criminal or civil. Since the issue is one of statutory construction, we briefly review the pertinent provisions of section 1538.5.

Subdivision (a) of section 1538.5 authorizes a defendant to move to suppress improperly seized evidence. Subdivision (d) states if the motion is granted the "evidence shall not be admissible against the movant at any trial or other hearing." Subdivisions (f) and (g) differentiate the procedure for suppression motions in felony complaints and in misdemeanor complaints. Subdivision (i) provides that if in a felony complaint the defendant's motion to suppress is denied, he may relitigate the suppression ruling at a new hearing. Subdivision (j) provides that if in a felony complaint the defendant's motion to suppress is granted and the cause dismissed, the people may file a new complaint and litigate the suppression issue anew; or, if the suppression motion is granted and the cause not dismissed, the people may relitigate the suppression issue at a new hearing. Subdivision (j) also provides that if the evidence "relates solely to a misdemeanor complaint" and the motion to suppress is granted, the people have a right to appeal.[3]

■        Under this section it appears that the initial ruling suppressing evidence in a misdemeanor cause is final (absent reversal on appeal or writ) and precludes use of the suppressed evidence in the cause. On the other hand, the initial ruling suppressing evidence in a felony cause is not binding on either party. A new hearing may be had, whose determination will be unaffected by the prior ruling. In brief, these provisions make a

---

[3]Section 1538.5 subdivision (j) reads in pertinent part: "(j) If the . . . evidence relates to a felony offense initiated by complaint and the defendant's motion for . . . suppression . . . at the preliminary hearing is granted, and if the defendant is not held to answer . . . the people may file a new complaint . . . and the ruling at the prior hearing shall not be binding in any subsequent proceeding. If . . . the defendant's motion for . . . suppression . . . at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, . . . the people [may] request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo . . . . If the . . . evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for . . . suppression . . . in the municipal court or justice court prior to trial, both the people and defendant shall have the right to appeal any decision of that court . . . to the superior court. . . ."

judge's initial suppression ruling binding in a misdemeanor cause, but nonbinding in a felony cause.

The reason for different suppression procedures in misdemeanor causes and in felony causes is not hard to fathom—in felony causes the stakes are greater, and more elaborate procedures are thought appropriate. By definition misdemeanor prosecutions are causes of lesser weight and moment than felony prosecutions, and they are generally tried in a municipal court (Pen. Code, § 1462). Felony prosecutions constitute causes of greater importance and consequence, and they are tried in a superior court (Cal. Const., art. VI, § 10), a court of record and of general jurisdiction, where greater formality and greater attention to detail prevail and over which a judicial officer of higher rank presides. The greater formality demanded in the adjudication of felony causes explains why an initial suppression ruling in a felony cause may be reexamined while a comparable ruling in a misdemeanor cause may not. This differentiation is the consequence of practical calculation. In all causes, civil and criminal, a balance must be struck between the somewhat inconsistent objectives of accuracy of adjudication and of speed of adjudication, a balance which varies with the type of cause and with the social interest involved. In misdemeanor causes, where less is at stake, speed of adjudication plays a relatively larger role than it does in felony causes. The desirability of speedy termination preponderates over the desirability of reexamination of adjudicated issues. But in felony causes the consequences of an erroneous ruling are likely to be more severe, and the balance is struck differently. The benefits of reexamination are thought to outweigh those that would result from speedy termination. Hence, in felony causes an initial suppression ruling may be reexamined in the same or other accusation. To express the matter in terms of precedent, the initial ruling on a felony suppression motion does not control a later ruling on a similar motion in the same felony cause.

But if the court in a felony cause is not bound by an earlier suppression ruling in the identical felony cause, does it make sense that it should be bound by an earlier ruling in an unrelated misdemeanor cause? We think it would be incongruous to conclude that an earlier misdemeanor ruling is binding, for such a conclusion would turn the relative importance of misdemeanor and felony proceedings upside down. It would also ignore the realities of the common situation which occurred here, where the misdemeanor offense is discovered first and routinely processed as a matter of secondary consequence before any felony charges are perfected.

Priority of ruling, with its potential for a race to the courthouse steps, should not dominate this situation.

We construe section 1538.5, subdivision (d), which states that suppressed "evidence shall not be admissible against the movant at any trial or hearing," as referring to a trial or hearing in the particular cause of action in which the suppression ruling is made. ██ Clearly, it does not refer to a subsequent civil trial or to a subsequent administrative hearing. (*In re Martinez* (1970) 1 Cal.3d 641 [83 Cal.Rptr. 382, 463 P.2d 734]; *People* v. *Hayko* (1970) 7 Cal.App.3d 604 [86 Cal.Rptr. 726]; *Governing Board* v. *Metcalf* (1974) 36 Cal.App.3d 546 [111 Cal.Rptr. 724]; *People* v. *Metcalf* (1971) 22 Cal.App.3d 20 [98 Cal.Rptr. 925].) ██ Equally clearly in our view, it does not refer to a trial or hearing in a felony cause unrelated to the earlier misdemeanor cause in which the ruling was made. (Cf. *Chivers* v. *Municipal Court* (1976) 59 Cal.App.3d 929 [131 Cal.Rptr. 221], denial of suppression in a felony cause does not preclude a subsequent motion to suppress in a misdemeanor cause.)

██ Similarly, we construe the provision in subdivision (j) of section 1538.5, providing for the suppression of evidence which "relates *solely* to a misdemeanor complaint" (italics ours), as having no application to a suppression of evidence relevant to *both* misdemeanor and felony complaints. Such a construction fortifies our basic conclusion that suppression of evidence in an earlier misdemeanor cause does not compel suppression of the same evidence in a later felony cause.

For these reasons appellant's motion to suppress evidence in the Los Angeles Superior Court felony cause was not controlled by the earlier ruling in the Alhambra Municipal Court misdemeanor cause, and the trial court's refusal to suppress evidence of the revolver as a matter of law was correct.

## II

██ Even if we entertain a contrary construction of section 1538.5 subdivision (d) and assume that suppression of evidence in a misdemeanor cause compels its suppression in a subsequent unrelated felony cause, we see no reason to reverse appellant's conviction, for we do not believe it probable that a result more favorable to appellant would have been reached in the absence of the physical evidence of the revolver. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].) The question is whether there is any real reason to suppose the jury would have failed to convict.

Here positive eyewitness accounts, virtually unimpeached, identified appellant as the robber. A crucial component of his defense, the Figueroa confession, was effectively rebutted. Even if evidence of the revolver had been excluded, we are convinced beyond a reasonable doubt the result would have been the same.

The judgment is affirmed.

Beach, J., concurred.

**ROTH, P. J.**—I concur in the judgment.

In my opinion although the precise question has not been decided, appellant's motion to suppress the revolver as the product of an illegal search and seizure is mandated by the legislative history and the clear terms of Penal Code section 1538.5. The error denying suppression, however, was, in the case at bench, not prejudicial.