[Crim No. 12218.   Second Dist., Div. One.   Sept. 4, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH VANELLA, Defendant and Appellant.

464

Morton Herbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This concerns an appeal from an order revoking probation.

In an information filed in Los Angeles on September 28, 1961, Ralph Vanella with two codefendants was charged with having in his possession on August 5, 1961, marijuana. One of the codefendants was alleged to have been convicted previously of robbery in Los Angeles County in 1952. Vanella was found guilty as charged in the information and although the evidence disclosed that Vanella had a suitcase full of marijuana (22 pounds) and obviously was a seller of considerable consequence, on May 23, 1962, the sentence to the state prison was suspended and he was placed on probation for five years, a part of the terms being that he spend the first year in the county jail, that he not use or possess any narcotics or narcotics paraphernalia and stay away from places where addicts congregate, that he not associate with known narcotics users or sellers, and that he obey all laws, orders, rules and regulations. The court at the time of sentence said: "But, the man who is out to sell it and make big money is the man that I think society must be protected against, and that is Mr. Vanella." On September 27, 1962, the order was modified and defendant was released from jail after having served four months of the term imposed. Pursuant to the rules of court we have called for and have made available the original record of this case.

The probation officer's report filed May 21, 1962, indicates that Vanella was then 26 years of age, married and as a self-employed person was receiving $550 per month. Further, that he had no military service because of his arrest record. That record in part shows that in 1953 he was received by the California Youth Authority for a violation of section 11530 Health and Safety Code (narcotics) and for burglary. He also was arrested and charged with other offenses at later dates but such causes either were dismissed or defendant was found not guilty.

On December 11, 1963, there was filed by the probation officer a report wherein it was recommended that the proba-

tion order previously made be revoked. That report sets forth among other things:

"7-1-63 (31936) Conviction Title 21, —— 176a (Concealment of Marijuana) three counts sentenced to ten years each count concurrent. Sentenced to Federal Penitentiary. The United States Federal District Court, Los Angeles, Judge Byrne.

"REASON FOR HEARING:

"Matter appears on calendar by request of the Probation Officer because of defendant's conviction of concealment of marijuana in the United States District Court at Los Angeles.

"PRESENT SITUATION:

"On July 1, 1963, the defendant was convicted of three counts of Title 21—176a of the United States Statue [sic] (Concealment of Marijuana). He was sentenced [sic] ten years on each count to run concurrent [sic] by Judge Byrne United States District Court.

"Correspondence with the United States Department of Justice, Bureau of Prisons, United States Penitentiary, McNeil Island, Washington, received September 12, 1963, verified the subject is an inmate at the institution. He is serving a ten-year sentence for concealment and transportation of marijuana and is [sic] scheduled release date is March 11, 1970.

"It is respectfully recommended that probation be revoked and warrant of arrest be issued, in order that the Los Angeles County Sheriff be notified, upon the defendant's release, that he may be returned to this jurisdiction, at that time for violation of probation proceedings."

Probation was revoked on December 11, 1963. Appellant sought to have the proceedings dismissed in May 1964 upon the basis that since he had been confined at the federal prison he had taken full advantage of the institution's narcotic program, that he was now in effect reformed and any further incarceration might destroy his good intentions. The petition to dismiss was denied July 1, 1964.

On November 15, 1965, a Supplemental Report was filed by the probation officer. That report set forth in part the following:

". . . ON FEBRUARY 14, 1963, THE DEFENDANT WAS ARRESTED BY FEDERAL CUSTOMS AGENTS. HE WAS CONVICTED OF THREE COUNTS OF VIOLATION OF THE FEDERAL NARCOTICS LAWS, CONCEALING AND FACILITATING THE TRANSPORTATION AND CONCEALMENT OF MARIJUANA. ON JUNE 12, 1963, THE DEFENDANT WAS

FOUND GUILTY ON ALL THREE COUNTS AND WAS SENTENCED TO TEN YEARS IN FEDERAL PRISON. SENTENCE BEGAN AT MCNEIL ISLAND FEDERAL PENITENTIARY ON JULY 1, 1963.

". . . . . . . . . . . . . .

"ON APRIL 20, 1965, THE FEDERAL CONVICTION WAS REVERSED. THE DEFENDANT HAS RECENTLY BEEN RETURNED TO LOCAL CUSTODY AND THE MATTER CONTINUED TO THE PRESENT DATE FOR A HEARING ON VIOLATION OF PROBATION IN THE PRESENT CASE.

"SUMMARY OF FEDERAL CASE:

"PROBATION OFFICER HAS EXAMINED THE PRESENTENCE REPORT OF THE FEDERAL PROBATION OFFICE IN LOS ANGELES AND HAS ALSO EXAMINED THE FEDERAL COURT CASE, DOCKET NUMBER 31936-CD. AS INDICATED, DEFENDANT WAS IN THE FEDERAL CASE CHARGED WITH THREE COUNTS OF VIOLATION OF TITLE 1 OF THE UNITED STATES CODE, SECTION 176(A), CONCEALING AND FACILITATING THE TRANSPORTATION AND CONCEALMENT OF MARIJUANA. COUNT I REFERRED TO 88 GRAINS OF MARIJUANA, COUNT II TO 255 GRAMS, AND COUNT III TO 411 GRAMS, A TOTAL WEIGHT OF 1.26 POUNDS OF MARIJUANA.

"DEFENDANT WAS ARRESTED AT HIS HOME, 536 NORTH ALEXANDRIA AVENUE, LOS ANGELES BY FEDERAL CUSTOMS AGENTS ON FEBRUARY 14, 1963. THE CODEFENDANT, GEORGE WILLIAM SULLIVAN, HAD A PACKAGE IN HIS POCKET THAT CONTAINED 88 GRAINS OF MARIJUANA. A SEARCH OF THE DEFENDANT'S HOUSE DISCLOSED A PAPER BAG CONTAINING MARIJUANA HIDDEN UNDER THE BATHTUB AND ANOTHER PAPER BAG CONTAINING MARIJUANA HIDDEN UNDER A BED IN THE REAR BEDROOM. DURING THE FEDERAL PRESENTENCE INVESTIGATION, THE DEFENDANT STATED THAT HE WAS ENTIRELY INNOCENT.

"ACCORDING TO THE GOVERNMENT DOCUMENTS FILED, THE DEFENDANT AT THE TIME OF HIS ARREST, AFTER THE MARIJUANA WAS DISCOVERED, STATED, 'IT'S ALL FOUND, I WAS JUST DOING A FAVOR; WHEN PEOPLE KNOW THAT YOU WERE IN IT BEFORE, THEY ARE ALWAYS HITTING ON YOU. THAT MARIJUANA WAS JUST THERE AN HOUR. IT'S ALL I HAVE. I HAVEN'T MESSED AROUND EXCEPT FOR GRASSHOPPING SINCE ABOUT A WEEK AGO. THE WEED IS FOR SOMEBODY ELSE, IT CAME UP FROM TIJUANA TODAY. I CAN'T TELL YOU WHO BROUGHT IT UP'.

"PROBATION OFFICER ALSO INSPECTED IN THE FEDERAL FILE THE PROCEEDINGS OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, CASE NUMBER 19,270, DATED APRIL 20, 1965, RALPH A. VANELLA AND GEORGE WILLIAM SULLIVAN APPELLANTS VERSUS THE UNITED STATES OF AMERICA APPELLEE. THE APPEAL WAS FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION AND WAS HEARD BEFORE FEDERAL CIRCUIT JUDGES CHAMBERS, ORR AND HAMLEY.

"PORTIONS OF THE MAJORITY OPINION, WRITTEN BY JUDGE ORR, ARE QUOTED:

" 'HAVING BEEN CONVICTED ON JUNE 12, 1963, OF POSSESSION OF MARIJUANA, VANELLA AND SULLIVAN APPEAL. THEY CONTEND THAT THEIR RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED IN THAT FEDERAL AND STATE OFFICERS SUBJECTED THEM TO UNLAWFUL SEARCH AND SEIZURE IN SECURING THE MARIJUANA UPON THE POSSESSION OF WHICH THEIR PROSECUTION WAS BASED AND WHICH WAS INTRODUCED INTO EVIDENCE AGAINST THEM. WE CONCLUDE THAT THEIR CONTENTION IS VALID AND THAT THE MOTION MADE TO SUPPRESS THE QUESTIONED EVIDENCE SHOULD HAVE BEEN GRANTED.'

"THE OPINION GOES ON TO RELATE EVENTS OF THE INDICTMENT OF THE DEFENDANT AND CODEFENDANT IN THE FEDERAL CASE AND DETAILS OF THEIR ARREST. THE OPINION CONTINUES, READING AS FOLLOWS:

" 'SUBSEQUENTLY A TRIAL WAS HAD. AT ITS INCEPTION A MOTION TO SUPPRESS EVIDENCE—INCLUDING THE THREE PACKAGES OF MARIJUANA . . . —WAS MADE BY APPELLANTS. THE MOTION WAS DENIED AND THE THREE PACKAGES OF MARIJUANA ADMITTED INTO EVIDENCE . . .

" 'APPELLANTS CONTEND THAT THE TRIAL COURT ERRED IN DENYING THEIR MOTION TO SUPPRESS EVIDENCE SEIZED AT VANELLA'S RESIDENCE. WE AGREE. THE SEIZURE OF THE MARIJUANA FROM THE PERSON OF APPELLANT SULLIVAN AND FROM THE HOME OF APPELLANT VANELLA WAS UNREASONABLE AND IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.'

"THE MAJORITY OPINION CONTINUES, SETTING FORTH THE REASON THE COURT REACHED THAT CONCLUSION. THEY STATE THAT IN THE FIRST PLACE THE SEARCH OF CODEFENDANT SULLIVAN WAS ILLEGAL SINCE THE OFFICERS HAD OBTAINED NO SEARCH WARRANT AND THE CODEFENDANT WAS SEARCHED BEFORE HE HAD BEEN ARRESTED, THUS NOT CONSTITUTING A SEARCH INCIDENT TO A LAWFUL ARREST. 'HENCE, THE FRUIT OF THE SEARCH OF SULLIVAN, 88 GRAINS OF MARIJUANA, WAS INADMISSIBLE. WEEKS VERSUS UNITED STATES. 232 U.S. 383 [58 L.Ed. 652, 34 S.Ct. 341, L.R.A. 1915B 834] (1914).'

"THE COURT STATED THAT LIKEWISE THE SEARCH OF DEFENDANT VANELLA'S RESIDENCE WAS ILLEGAL BECAUSE THE AGENTS

THAT CAME TO HIS RESIDENCE TO ARREST HIM HAD NO APPARENT REASON TO BELIEVE THAT HE WAS ENGAGED IN ANY NARCOTICS VIOLATION. 'THE INDICTMENT UPON WHICH THE WARRANT FOR HIS ARREST WAS BASED CONCERNED AN ALLEGED CONSPIRACY THAT OCCURRED MORE THAN A YEAR PREVIOUS. IN VIEW OF THIS A SEARCH OF VANELLA'S ENTIRE RESIDENCE HAD NO APPARENT RATIONAL CONNECTION TO THE ALLEGED CONSPIRACY FOR WHICH VANELLA WAS INDICTED AND ARRESTED (FOOTNOTE: SEE TRUPIANO VERSUS UNITED STATES, 334 U.S. 699 [92 L.Ed. 1663, 68 S.Ct. 1229] (1948); UNITED STATES VERSUS LEFKOWITZ, 285 U.S. 452 [76 L.Ed. 877, 52 S.Ct. 420, 82 A.L.R. 775] (1932); GO-BART IMPORTING COMPANY VERSUS UNITED STATES, 282 U.S. 344 [75 L.Ed. 374, 51 S.Ct. 153] (1931).) SUCH A SEARCH THEREFORE CANNOT BE JUSTIFIED AS A SEARCH INCIDENT TO AN ARREST ON THE CHARGE IN THE INDICTMENT. FURTHERMORE, THE DISCOVERY OF MARIJUANA ON THE PERSON OF SULLIVAN CANNOT BE RELIED ON TO JUSTIFY A SEARCH OF THE ENTIRE PREMISES FOR FURTHER EVIDENCE OF A CURRENT VIOLATION OF FEDERAL LAWS RELATING TO MARIJUANA. IN LIGHT OF OUR DETERMINATION THAT THE SEIZURE OF THE EVIDENCE FROM THE PERSON OF SULLIVAN WAS ILLEGAL AND THE EVIDENCE INADMISSIBLE, THE PRODUCT OF ANY FURTHER SEARCH, NECESSARILY BASED UPON THIS EVIDENCE, IS LIKEWISE INADMISSIBLE. THIS INVOLVES NO MORE THAN A FAIR APPLICATION OF THE ''FRUIT OF THE POISONOUS TREE'' CONCEPT DISCUSSED IN WONG SUN VERSUS UNITED STATES, 371 U.S. 471 [9 L.Ed.2d 441, 83 S.Ct. 407] (1963).

'' 'FAILURE TO GRANT THE MOTION TO SUPPRESS AND THE ALLOWANCE OF THE MARIJUANA INTO EVIDENCE CONSTITUTED REVERSIBLE ERROR. . . .

'' 'JUDGMENT REVERSED.'

''CIRCUIT JUDGE CHAMBERS, DISSENTING, BELIEVED THAT THE COURT WOULD BE JUSTIFIED IN UPHOLDING THE SEARCHES UNDER HARRIS VERSUS UNITED STATES, 331 U.S. 145 [91 L.Ed. 1399, 67 S.Ct. 1098], AND UNITED STATES VERSUS RABINOWITZ, 339 U.S. 56 [94 L.Ed. 653, 70 S.Ct. 430]. HE DID NOT BELIEVE THAT TRUPIANO VERSUS UNITED STATES COMPELLED THE RESULT WHICH THE MAJORITY REACHED. IT WAS HIS BELIEF THAT THE SEARCHES WERE REASONABLE.

''  . . . . . . . . . . .

''THAT THAT CONVICTION WAS FINALLY REVERSED ON THE GROUNDS OF ILLEGAL SEARCH AND SEIZURE DOES NOT, IN THE OPINION OF THE PROBATION OFFICER, MITIGATE THE CIRCUMSTANCES. EXACTLY AS IN THE PRESENT CASE, THE DEFENDANT WAS FOUND IN POSSESSION OF A LARGE QUANTITY OF MARIJUANA.

AND THIS OCCURRED ONLY FIVE MONTHS AFTER HIS RELEASE FROM JAIL IN THE PRESENT CASE. IT WAS A FLAGRANT VIOLATION OF THE MOST IMPORTANT CONDITION OF PROBATION, 'NOT USE OR POSSESS ANY NARCOTICS'.

"IN THESE CIRCUMSTANCES, IT WOULD NOT BE APPROPRIATE TO RESTORE THE DEFENDANT TO PROBATION."

When questioned about the marijuana found in his house on which the federal case was based, defendant's only statement was that there were other people in the house at the time of his arrest.

The case of *Vanella* in the federal court ran an unusual course. A panel of the court on April 20, 1965, reversed the judgment upon a search and seizure question as heretofore indicated in the probation officer's report of November 1965. In a petition for rehearing the United States Attorney pointed out that Vanella had been charged with a conspiracy with reference to narcotics, the overt acts starting in January 1962 and continuing to February 14, 1963. The opinion contained a statement to the contrary. A rehearing was granted and the judgments of conviction on counts 2 and 3 were affirmed as to Vanella on September 2, 1966. (See *Vanella* v. *United States,* 371 F.2d 50.)

Probation was revoked and defendant was on January 26, 1966, sentenced to the state prison "which sentence is ordered to run concurrently with Federal sentence." The judgment of January 1966 also states that defendant shall be delivered "into the custody of the Director of Corrections at the California State Prison at Chino when available."

Defendant appeals from the "judgment of probation violation."

Appellant now asserts that the court abused its discretion in revoking the probation.

■ It is appellant's burden to demonstrate affirmatively an abuse of discretion (*People* v. *Silva,* 241 Cal.App.2d 80, 84 [50 Cal.Rptr. 243]) and this he has not done. (See *In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403]; *People* v. *Walker,* 215 Cal. App.2d 609, 612 [30 Cal.Rptr. 440]; *Brown* v. *Kearney,* 355 F.2d 199.)

Appellant incorrectly assumes that it was necessary for the People to establish that there was an affirmed conviction at the time of revocation. ■ Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense. (See *People* v. *Bawden,* 208 Cal.App.2d 589, 598 [25 Cal.Rptr. 368].)

The real test is as stated in section 1203.2 Penal Code; that is, whether the court has reason to believe ''that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices. . . .''

Here the trial judge was to decide whether appellant had engaged in narcotics activities or associated with known narcotic users or sellers. Proof beyond a reasonable doubt is not required in such a proceeding. A clear and satisfactory showing is sufficient. (See *People* v. *Hamlin,* 152 Cal.App.2d 112, 115 [312 P.2d 306]; *People* v. *Sweeden,* 116 Cal.App.2d 891, 895 [254 P.2d 899]; *People* v. *London,* 28 Cal.App.2d 395, 396 [82 P.2d 619].)

There is not the slightest question here that appellant was engaged in narcotics activity after he was placed on probation and properly his probation was revoked.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.