[Crim. No. 8088. First Dist., Div. Three. May 14, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS FREDERICK HAYKO, Defendant and Appellant.

## COUNSEL

Richard A. Hodge, under appointment by the Court of Appeal, and Anne Cumings for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CALDECOTT, J.**—Appellant, in Santa Clara County Superior Court action No. 45802, was charged with a violation of Health and Safety Code section 11530 (possession of marijuana) and Health and Safety Code section 11530.1 (cultivation of marijuana). He pleaded not guilty and moved to suppress the evidence pursuant to Penal Code section 1538.5. The motion to suppress was denied. Appellant withdrew his plea of not guilty, pleaded guilty to a violation of Health and Safety Code section 11530, and the other count was dismissed.

Appellant had previously been convicted in action No. 43866 of a violation of Health and Safety Code section 11557 (maintaining a place where narcotics are used, sold or given away) and a violation of Penal Code section 484 (petty theft) and placed on probation. On September 20, 1968, appellant appeared before the court on an alleged probation violation, and the matter was continued to October 25, 1968. On October 25 appellant failed to appear and a bench warrant was issued for his arrest.

On December 11, 1968, five police officers went to the appellant's residence to arrest him, pursuant to the bench warrant. Officer Charvez and another officer went to the front door. Officer Charvez observed the appellant through a window and observed no suspicious behavior. He did observe appellant lean forward so that the upper portion of his body was no longer visible. The officer was wearing a deputy sheriff's uniform at the time he knocked on the door. Mrs. Hayko, appellant's wife, opened the door about eight inches and asked, "Who is it?" Officer Charvez then slapped the door with his foot and entered. The door was opened with such force that it pushed Mrs. Hayko against the wall. The officers did not identify themselves, and they did not explain their purpose. They did not answer Mrs. Hayko's question. The officer saw appellant seated on the sofa and said "Stay put; you're under arrest."

Following the arrest a considerable quantity of marijuana was seized by the arresting officers.

At the preliminary hearing counsel for appellant objected to the introduction of any evidence found pursuant to the arrest as the entry was violative of Penal Code section 844. The court overruled the objection. This point was again argued in a motion to suppress the evidence at the trial, pursuant to Penal Code section 1538.5. The motion was denied.

At the sentencing, May 9, 1969, the court indicated, at the request of defense counsel, that the conviction in action No. 45802 was the "grounds for the probation violation" in action No. 43866.

Appellant contends that the manner in which Deputy Charvez entered his house violated the provisions of Penal Code section 844.[1] Section 844 requires a peace officer who is about to make an arrest inside a building to first demand admittance and explain his purpose. The People contend that there was substantial compliance with section 844 because there was a knock prior to entry, there was identification of the officer by the fact that he was in uniform, and his purpose was announced as he was entering the room rather than immediately before making the move into the room.

Appellant contends that the fact that the officer entered through an open door does not make section 844 inapplicable. The People concede that a "breaking" within the meaning of the statute can occur when an officer enters through an open door. (See *People* v. *Bradley,* 1 Cal.3d 80 [81 Cal. Rptr. 457, 460 P.2d 129].)

---

[1]Penal Code section 844 provides: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

It cannot reasonably be contended that there was any excuse for non-compliance with section 844 in the instant case. ■ Noncompliance is excused only when the officer acts on a reasonable and good faith belief the compliance would frustrate an arrest, increase the officer's peril, or permit the destruction of evidence. The belief must be based upon the facts of the particular case and not on a general assumption that certain classes of persons subject to arrest are more likely than others to resist arrest, attempt to escape, or destroy evidence. (*People* v. *Rosales,* 68 Cal.2d 299, 305 [66 Cal.Rptr. 1, 437 P.2d 489].) In the present case there was nothing to indicate to the arresting officers that compliance with the demand and explanation requirements of section 844 would increase their peril, frustrate the arrest, or result in the destruction of evidence.

The case of *People* v. *Sanford,* 265 Cal.App.2d 960 [71 Cal.Rptr. 790], relied upon by the People, is clearly distinguishable on its facts.

The People's contention, of substantial compliance with the provisions of section 844, is answered by *Greven* v. *Superior Court,* 71 Cal.2d 287 [78 Cal.Rptr. 504, 455 P.2d 432]. In that case the officers knocked on the door and entered when they failed to get a response and heard no activity or footsteps within the residence. The court distinguished the cases holding that substantial compliance which fell short of strict literal compliance was sufficient to satisfy the requirements of section 844 by indicating that in these cases the officers gave notice of their presence through knocking or some other means and also identified themselves as police officers.

Under the circumstances of this case it cannot be held that there was substantial compliance with section 844 when Officer Charvez kicked open the door and rushed into the living room immediately after the occupant opened the door a few inches and asked "Who is it?" ■ The fact that the officers were wearing police uniforms is not sufficient to provide the occupants of the house with notice of the officers' authority. Uniformed officers have no authority to enter private homes without just cause.

■ Since the entry was unlawful, it vitiated the lawfulness of the arrest and subsequent search and required exclusion of the evidence obtained in that search. (*People* v. *Bradley, supra,* 1 Cal.3d 80, 89; *People* v. *Kanos,* 70 Cal.2d 381, 384 [74 Cal.Rptr. 902, 450 P.2d 278]; *People* v. *Rosales, supra,* 68 Cal.2d 299, 302.)

The admission of the evidence obtained in the search requires reversal of the judgment in action No. 45802. The only evidence used at the trial was the evidence obtained by the illegal search. Under the circumstances

it is obvious that the error in admitting the evidence contributed to the judgment. (*Chapman* v. *California,* 386 U.S. 18, 21-24 [17 L.Ed.2d 705, 708-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

The court in revoking appellant's probation granted in action No. 43866 made it clear that it was doing so because of appellant's conviction in action No. 45802. Appellant contends that the unlawfully seized evidence should not have been used in such a manner. The People contend that even if it is assumed that the evidence was unlawfully seized, it could be properly considered by a trial court in determining whether the terms and conditions of probation have been violated.

The general principles of law governing probation are clear. ■ The revocation of probation is a matter of discretion. (*In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043], appeal dismissed 350 U.S. 928 [100 L.Ed. 811, 76 S.Ct. 312]; *People* v. *Matranga,* 275 Cal.App.2d 328, 332 [80 Cal. Rptr. 313].) ■ A court is justified in revoking probation even though the circumstances would not warrant a conviction. (*People* v. *Vanella,* 265 Cal.App.2d 463, 469 [71 Cal.Rptr. 152].) All that is required is that the grounds for revocation be clearly and satisfactorily shown; they need not be established beyond a reasonable doubt. (*People* v. *Matranga, supra,* 275 Cal.App.2d at p. 333.) Penal Code section 1203.2 provides that a court may properly revoke probation whenever it has reason to believe that the probationer is violating any of the conditions of his probation or is engaging in criminal activities. (*People* v. *Vanella, supra,* 265 Cal.App.2d at p. 470.)

The People primarily rely upon the case of *In re Martinez,* 1 Cal.3d 641, 650 [83 Cal.Rptr. 382, 463 P.2d 734] to support the contention that the court could use the illegally obtained evidence in determining whether appellant's probation should have been revoked. In *Martinez* the defendant, a parolee, was convicted of another offense committed while on parole. The subsequent conviction was reversed on appeal on the grounds that the evidence used at trial was the product of an unreasonable search. In the meantime, defendant's parole had been revoked by the Adult Authority because of the conviction of the subsequent offense. The Supreme Court held that the Adult Authority could properly consider all the evidence before it (including the product of the illegal search) in determining that the revocation of defendant's parole should stand. The court stated "[W]e believe that an agency whose delicate duty is to decide when a convicted offender can be safely allowed to return to and remain in society is in a different posture than the court which decides his *original guilt.* To blind

the authority to relevant facts in this special context is to incur a risk of danger to the public which, at least as of this date, outweighs the competing considerations of a problematical gain in deterrence. We thus conclude that at this time the general Fourth Amendment and *Dorado* exclusionary rules are not applicable to Adult Authority proceedings." (Italics added.)

Appellant contends that the court in *Martinez* indicated that illegal evidence could not be considered in a probation violation hearing because that matter comes before the court and is not an administrative proceeding. ■ However, the role of a judge in considering the question of whether a convicted offender's probation should be revoked is analogous to the role of the Adult Authority in determining whether a parolee's parole should be revoked. The judge is not determining whether the defendant is guilty or innocent of a crime. Rather, he must determine whether the convicted offender "can be safely allowed to return to and remain in society."

In *People v. Vanella, supra,* 265 Cal.App.2d 463, the court's order revoking probation was upheld. Probation had been revoked following a subsequent conviction in federal court, and the federal conviction had been reversed because the marijuana admitted into evidence in the federal court had been the product of an unlawful search and seizure. In affirming the revocation of defendant's probation the court stated: "Here the trial judge was to decide whether appellant had engaged in narcotics activities or associated with known narcotic users or sellers. Proof beyond a reasonable doubt is not required in such a proceeding. A clear and satisfactory showing is sufficient. [Citations.] There is not the slightest question here that appellant was engaged in narcotics activity after he was placed on probation and properly his probation was revoked." (*Id.* at p. 470.)

In *Martinez* the court indicated that the police activity involved did not "shock the conscience" (1 Cal.3d at p. 650; see *Rochin v. California,* 342 U.S. 165, 172-174 [96 L.Ed. 183, 190-191, 72 S.Ct. 205, 25 A.L.R.2d 1396]) and if the evidence had been obtained under such circumstances, the result may well have been different. ■ In the present case the illegality of the arrest resulted from a failure on the part of the police officers to identify themselves (even though they were in uniform) and to explain their purpose before entering. Though they did not comply with the statute, their conduct does not "shock the conscience" as that term is used in *Martinez* and *Rochin.*

For the reasons expressed above, the evidence obtained as a result of an illegal search and seizure can be used by the court for the limited purpose of determining whether a convicted defendant's probation should be revoked.

Penal Code section 1203.2 provides in part: "if the interests of justice

so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, . . ." the court may revoke probation. There is no question that the conviction of a felony constitutes ground for revocation within the provisions of the section. In this case, however, as the conviction has been declared invalid, the court's specified reason for revoking probation has been removed. We do not know whether the court would have taken the same action regarding appellant, just on the basis of the contraband seized, if there had not been a trial and conviction.

■ The reversal of appellant's conviction in action No. 45802 does not foreclose further inquiry into the subject matter of that case by the court, and the court may properly determine whether appellant has engaged in conduct which constitutes cause for revocation of probation.

The judgment in Santa Clara County Superior Court action No. 45802 is reversed; the order revoking probation and referring appellant to the California Youth Authority in Santa Clara County Superior Court action No. 43866 is reversed and the cause is remanded for such further proceedings, if any, as may be appropriate.

Draper, P. J., and Brown (H. C.), J., concurred.