[Crim. No. 22012. Second Dist., Div. Two. Jan. 19, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFREDO PADILLA RUELAS, Defendant and Appellant.

## COUNSEL

Gary K. Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and William R. Pounders, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—The question presented is whether the revocation of probation at bench violated due process as defined in *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 487-490 [33 L.Ed.2d 484, 498-499, 92 S.Ct. 2593], and *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]; *People* v. *Nelson,* 8 Cal.3d 463 [105 Cal.Rptr. 314, 503 P.2d 1322]; and *In re Prewitt,* 8 Cal.3d 470 [105 Cal.Rptr. 318, 503 P.2d 1326]. *Morrissey* became effective June 29, 1972. The revocation at bench was ordered May 4, 1972. *Morrissey* is not retroactive. (*In re Thomas,* 27 Cal. App.3d 31, 36 [103 Cal.Rptr. 567].)

Appellant was sentenced to state prison having pleaded guilty to a charge of selling heroin. Execution of sentence was suspended. Probation was granted on condition that appellant serve one year in the county jail and not use or possess narcotics except as prescribed by a licensed phy-

sician. *People* v. *Youngs,* 23 Cal.App.3d 180, 188 [99 Cal.Rptr. 901], in which sentence was suspended has no application. (*People* v. *Nelson, supra,* p. 467.)

The record shows without contradiction that appellant failed to appear for an alleged probation violation on January 28, 1972. A bench warrant issued and on February 4, 1972, appellant appeared and admitted the violation. The court, however, felt the violation to be of insufficient dimension to revoke probation. A subsequent proceeding to revoke for a different violation was conducted on May 4, 1972. The public defender representing appellant waived a formal hearing. The court stated it had read and considered a two-page report filed by a senior probation officer, which revealed that appellant had recently been arrested on a charge of forgery and that heroin was found in his possession.

The court found appellant in violation of probation, noting that appellant's probation order was "quite specific" that he not possess any narcotics.

Appellant contends that there was not a sufficient quantum of evidence and that the court did not judicially weigh the evidence which was submitted and asserts that as a consequence of those two defects the revocation was not justified.

In *Morrissey* v. *Brewer, supra,* the United States Supreme Court set out certain minimal procedural requirements of due process for parole revocation proceedings. In *In re Thomas,* 27 Cal.App.3d 31, 36 [103 Cal.Rptr. 567], decided in August 1972, Division Three of the First Appellate District of California summarized the *Morrissey* requirements as "entitled to be represented by counsel, to be given written notice of the alleged violation and to be given an opportunity to deny or explain it, and, if necessary, present witnesses on his own behalf."

Since appellant's probation was revoked in May 1972, he was not entitled to a hearing to deny or explain the alleged violation, but in any event it appears from the record that appellant was present in person and represented by the public defender and stated that the formal hearing was not desired. The rule, as it existed in May of 1972, was correctly followed. Further, even if *Morrissey* were applicable, *Vickers, supra,* holds ". . . the revocation hearing itself may be waived by the parolee . . . ," and at bench appellant's counsel waived formal proceedings.

Under the law as it existed pre-*Morrissey* and *Vickers,* when probation is granted *after* sentence has been pronounced, (*People* v. *Nelson, supra,* p. 467) revocation of probation is normally a matter of discretion. *People*

v. *Hayko,* 7 Cal.App.3d 604, 609 [86 Cal.Rptr. 726] and section 1203.2 of the Penal Code provide in substance that that court may revoke probation if the interest of justice so requires and if the court shall have reason to believe from the report of the probation officer or otherwise that the probationer has violated any condition of his probation or has subsequently committed other offenses irrespective of whether or not he has been prosecuted for such offenses.

■ All that is required is that the grounds for revocation be clearly and satisfactorily shown. They need not be established beyond a reasonable doubt. (*People* v. *Hayko, supra; People* v. *Vanella,* 265 Cal.App.2d 463, 470 [71 Cal.Rptr. 152].) Circumstances not warranting a conviction may fully justify revoking probation previously granted. (*People* v. *Hayko, supra; People* v. *Vanella, supra,* at p. 469.) Once the court finds the defendant in violation of probation, he may in his discretion continue probation, modify it, or revoke it. (*People* v. *Hayko, supra; People* v. *Vanella, supra,* at p. 469.)

■ In the instant case the trial judge read and considered the two-page report submitted by Probation Officer Hunt which stated that appellant had been arrested on a charge of forgery and that heroin was found in his possession. The court noted that one of the conditions of probation was that appellant not possess any narcotics. In addition, Mr. Hunt stated that appellant had failed to turn himself in as instructed by his probation officer. On the basis of this probation report appellant was found to be in violation of probation.

It is clear from the record that the trial judge in the case at bench based his finding of violation of probation on the probation officer's report.

Judgment is affirmed.

Fleming, J., and Compton, J., concurred.