Filed 7/6/22  P. v. Evans CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TORREY CRAIG EVANS,<br><br>    Defendant and Appellant. | D078913<br><br><br>(Super. Ct. No. SCN366376) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Jr., Judge.  Affirmed as modified.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Torrey Craig Evans pleaded guilty to one count of first-degree burglary. (Pen. Code, §§ 459, 460, 667.5.[1]) In accordance with his plea agreement, the trial court placed Evans on formal probation for three years and imposed a restitution fine of $300. The trial court later revoked Evans's probation after he violated the probation conditions for the third time. Upon revocation, the court also imposed an additional restitution fine under section 1202.4, subdivision (b), of $1,800.

On appeal, Evans contends that the trial court improperly imposed the second restitution fine and abused its discretion in revoking his probation. We accept the People's concession that the court exceeded its authority in imposing the second restitution fine. We reject, however, Evans's assertion that the court abused its discretion by revoking his probation. Accordingly, we strike the unauthorized restitution fine but otherwise affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Evans pleaded guilty to first-degree burglary. Thereafter, in accordance with the plea agreement, the trial court sentenced Evans to six years in prison but stayed the execution of the prison term pending successful completion of three years of formal probation. The trial court also imposed a restitution fine of $300 under section 1202.4, subdivision (b).

In 2018, eighteen months after his conviction, Evans's probation was revoked for two alleged violations of the probation conditions: Evans knowingly used controlled substances, including methamphetamine and amphetamine, and he failed to report to the probation officer as directed. The court held an order to show cause (OSC) hearing, where Evans admitted both

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

violations. The court told Evans that he would be given one "last chance" and reinstated probation.

Less than four months later, Evans was arrested for possessing a non-narcotic, controlled substance in violation of Health and Safety Code section 11377, subdivision (a), and for driving with a suspended license in violation of Vehicle Code section 14601.1. Consequently, his probation was revoked for violating the probation condition requiring him to obey all laws. At the second OSC hearing, Evans again admitted violating the terms of his probation. The court, however, reinstated probation but extended the probation term by one year.

In late December of 2019, Evans submitted a urine analysis test at a probation office, which was positive for methamphetamine. In February 2021, just two months before the end of Evans's probation term, Evans's probation officer received an email from the sober facility where Evans had been living, stating that he had been discharged from the facility for using methamphetamine and 3,4-methylenedioxy-methamphetamine (MDMA).

The following month, Evans's car was parked illegally at Balboa Park. When police approached Evans's car, they smelled burning narcotics and saw smoke inside. The officers arrested Evans. On route to the police station, Evans secretly removed his seatbelt and handcuffs. When they arrived at the station and found Evans uncuffed, the police had to use physical force to gain his compliance. Before the booking process, Evans requested to use the bathroom, and police saw him attempting to conceal a glass pipe in his rectum.[2]

---

[2] The police report for the incident noted that the week before the arrest, police found Evans in possession of drug paraphernalia during a Fourth Amendment waiver search of his car.

Following this arrest, Evans's probation was summarily revoked. The court held a third OSC hearing, and Evans admitted violating the terms of his probation. This time, the trial court revoked his probation, executed the previously stayed six-year prison sentence, and imposed a new $1,800 restitution fine under section 1202.4, subdivision (b).

DISCUSSION

Evans makes two arguments on appeal. First, he contends that the trial court improperly imposed the second restitution fine. Second, Evans asserts that despite repeated probation violations, the trial court abused its discretion by denying probation.

I

*Restitution Fine*

Evans argues that the trial court exceeded its authority in imposing a second restitution fine when it revoked his probation. The People concede, and we agree, that the second restitution fine was unauthorized.

In the absence of extraordinary and compelling circumstances, the court must impose a separate and additional restitution fine in every case where a conviction is obtained. (§ 1202.4, subd. (b).) Section 1202.4, subdivision (*l*), also provides that if probation is granted, payment of the restitution fine must be made a condition of that probation. Further, the restitution fine survives the probationary term. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 820 (*Chambers*); *People v. Arata* (2004) 118 Cal.App.4th 195, 201.)

In *Chambers*, the trial court imposed a restitution fine when it first granted probation and a second restitution fine when it revoked the probation. (*Chambers, supra*, 65 Cal.App.4th at p. 821.) On appeal, the court struck the second fine as unauthorized. The court held that the "triggering

4

event for imposition of the restitution fine [was the initial] conviction." (*Ibid.*) Thus, although the probation is revoked, the first restitution fine remained in force. (*Id.* at p. 823.) And, because the first restitution fine remained in force after the revocation of probation, the *Chambers* court concluded that the trial court had no statutory authority to impose a second restitution fine. (*Ibid.*)

The holding in *Chambers* is dispositive here. Consistent with section 1202.4, subdivision (b), the trial court properly imposed the first $300 restitution fine as a condition of Evans's probation. (§ 1202.4, subd. (b).) However, because the $300 restitution fine remained in force, the subsequent $1,800 restitution fine was not authorized and must be stricken.

## II

### *Probation Revocation*

*A. Standard of Review and Governing Law*

Section 1203.2, subdivision (a), authorizes a court to revoke probation when "the interests of justice so require, and the court, in its judgment, has reason to believe" that the person has violated any of the conditions of his or her probation. A trial court has broad discretion in granting or revoking probation. (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) " ' "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period." ' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 772 (*Urke*).) " ' "The standard of proof in a probation revocation proceeding is proof by a preponderance of evidence." ' " (*Ibid.*)

We review a probation revocation decision under the substantial evidence standard of review and accord great deference to the trial court's discretion, "bearing in mind that 'probation is not a matter of right but an act of clemency[.]' " (*Urke, supra,* 197 Cal.App.4th at p. 773.) "Many times

circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense." (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.) " '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation[.]' " (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443 (*Rodriguez*).) The burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. (*Vanella*, at p. 469.)

*B. Analysis*

Evans contends that the trial court abused its discretion in denying probation because substantial evidence did not support the trial court's statements that Evans "continued to maintain a lifestyle" that involved controlled substances and that his conduct had escalated "towards potentially violent acts."

Contrary to Evans's assertion, the trial court was not required to find that Evans maintained a lifestyle of drug use or that his acts had escalated into violence in order to deny him probation. Rather, " ' " [a]ll that is required ... is enough evidence to satisfy the [trial] judge that the conduct of the petitioner has not met the conditions of probation.' " ' " (*Rodriguez, supra*, 51 Cal.3d at p. 442.) Here, substantial evidence supported the trial court's finding that Evans violated the conditions of his probation.

The record shows that Evans repeatedly violated the condition that precluded him from "knowingly us[ing] or possess[ing] any controlled substance" during probation. Not only did Evans's first two violations involve drugs, but he had at least three more incidents of using controlled substances after his second OSC hearing. In December 2019, Evans tested positive for methamphetamine. In February 2021, Evans used methamphetamine and MDMA, resulting in his discharge from a rehabilitation facility. Finally, in

6

March 2021, Evans was found to be in possession of drug paraphernalia and arrested for suspected drug use. Each incident of possessing or using controlled substances independently supported the court's finding of a probation violation. Thus, we reject Evans's assertion that substantial evidence did not support the court's decision to revoke his probation.

Evans also argues that revoking his probation constituted punishment for his drug addiction. As the Attorney General points out, the trial court had repeatedly shown leniency to Evans for his prior drug-related probation violations and only revoked probation after the third OSC was issued. Indeed, when Evans first violated the drug-use condition, the trial court stated that it would be his "last chance" and yet gave him another chance at the second OSC hearing. On this record, we do not agree with Evans that the court's decision was an abuse of its wide discretion.

## DISPOSITION

The judgment is modified by striking the $1,800 restitution fine imposed by the trial court. The initial $300 restitution fine remains in force. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the Department of Corrections.

McCONNELL, P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

7