Filed 7/12/24  P. v. Ferguson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOHN DANIEL FERGUSON,<br><br>      Defendant and Appellant. | A167083<br><br>(Lake County<br>Super. Ct. No. CR-949291) |

In 2018, John Daniel Ferguson pleaded no contest to one count of spousal abuse.  The trial court suspended imposition of sentence and placed him on probation for three years.  In November 2022, the court revoked his probation, executed the previously suspended sentence and ordered him to pay a probation revocation restitution fine.  Ferguson argues the court lacked authority to revoke his probation because the court did not act until his probationary period expired.  Alternatively, Ferguson argues the court abused its discretion by revoking his probation and by sentencing him to the upper term.  Ferguson also argues the court erred by failing to consider his ability to pay in imposing a probation revocation restitution fine.  We affirm.

1

# BACKGROUND

## I.

### *The Complaint, Plea and Sentence*

In December 2017, the prosecution charged Ferguson with two counts of spousal abuse (Pen. Code, § 273.5, subd. (a))[1] and one count of assault (§ 245, subd. (a)(4)). Ferguson pled no contest to one count of spousal abuse and the remaining counts were dismissed. At the March 2018 sentencing hearing, the trial court reviewed the probation report and received it into evidence. The probation report noted that Ferguson did "not appear to be a suitable candidate for probation because of his significant prior record, poor performance on both parole and probation," but recommended probation because he entered a plea agreement. Pursuant to the plea agreement, the court suspended imposition of sentence and placed Ferguson on formal probation for three years subject to various terms and conditions. Probation was set to expire in 2021.[2]

## II.

### *Performance on Probation*

Ferguson violated probation several times. For example, in December 2018, Ferguson admitted violating probation and the trial court

---

[1] Undesignated statutory references are to the Penal Code.

[2] Ferguson argues his probation expired on January 1, 2021, due to retroactive application of Assembly Bill No. 1950 (2019–2020 Reg. Sess.), codified at section 1203.1 (Stats. 2020, ch. 328, § 2), which limited probation for felonies to two years with certain exceptions. We disagree. Domestic violence crimes like the one Ferguson was convicted of in this case are addressed in a more specific provision of the Penal Code, section 1203.097. We agree with our colleagues' decision in *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 644-645, which held that the three-year period for probation in section 1203.97, subdivision (a) continues to apply to crimes involving domestic violence.

reinstated probation with certain modifications. In June 2019, the court summarily revoked his probation and issued an arrest warrant. The next month, the court found Ferguson had violated probation and reinstated probation with modifications. In November 2019, the court again summarily revoked his probation and issued an arrest warrant. In September 2020, however, the court dismissed the violation of probation affidavit and recalled the arrest warrant at the probation department's request.

## III.

### *Terminating Probation and Imposing Prison Sentence*

In December 2020, the probation department filed a petition to revoke Ferguson's probation. No date was set for the hearing on the petition. There is a gap in the appellate record—as it was originally provided to us—between the filing of that petition and August 2022, when counsel filed a request on Ferguson's behalf to appoint counsel, recall his arrest warrant and place the matter back on calendar. On September 7, 2022, the trial court recalled the arrest warrant issued on December 30, 2020, the petition to revoke probation was served on Ferguson, and the court set a hearing for a contested violation of probation. After Ferguson failed to appear at the scheduled hearing, the court issued a new bench warrant for failure to appear. At the rescheduled probation violation hearing on October 25, 2022, Ferguson admitted the violations and waived his trial rights.

At the November 2022 sentencing hearing, the court permanently revoked Ferguson's probation, imposed the upper term of four years in state prison and ordered him to pay a probation revocation restitution fine. (§ 1202.44). In permanently revoking probation, the court noted that probation was originally granted pursuant to a plea agreement despite Ferguson's significant criminal history. Moreover, the court identified this

3

was his third violation of probation and he had not completed his required programs under the terms of his probation.

In determining the appropriate sentence, the court stated Ferguson's "prior performance on probation and parole have been unsatisfactory. This is his third violation. He does have a substantial history of prior convictions and criminal activity." The court found no circumstances in mitigation, noting that long ago there was a voluntary acknowledgment of wrongdoing at an early stage of the process. The court found the aggravating factors outweighed the mitigating factors and sentenced him to the upper term of four years as recommended by probation.

In ordering Ferguson to pay a $300 restitution fine, the court noted that it was the "minimum required by law" and that it did not matter whether there was a "finding of ability to pay."

## DISCUSSION

Ferguson challenges the judgment on several grounds, including lack of jurisdiction to revoke probation, abuse of discretion in revoking probation and sentencing him to the upper term sentence, and error in imposing the restitution fine without an ability to pay hearing. We conclude these arguments have no merit.

## I.

### *The Trial Court Had Jurisdiction to Terminate Probation in November 2022.*

The trial court has the authority "to revoke, modify, or change its order" suspending imposition of a sentence at "any time *during the term of the probation.*" (§ 1203.3, subd. (a), italics added.) By summarily revoking probation, the court tolls the running of the probationary period until probation is reinstated, preserving its jurisdiction in the interim to hold a formal hearing to determine whether "the defendant violated a condition of

4

probation during the probationary period." (*People v. Leiva* (2013) 56 Cal.4th 498, 515; § 1203.2, subd. (a).)  But if probation is not revoked, it automatically ends on the last day of the probationary period.  (*Hilton v Superior Court* (2014) 239 Cal.App.4th 766, 773; see § 1203.3, subd. (a).)  Once probation expires with no tolling period in effect, "a court loses jurisdiction to make an order revoking or modifying an order suspending the imposition of sentence." (*In re Barber* (2017) 15 Cal.App.5th 368, 372.)

In his opening brief, Ferguson argues the trial court's November 2022 order permanently revoking his probation and sentencing him to state prison is "null and void" because his probation expired in early 2021 and, as a result, the court "lacked jurisdiction" over him.  The People argued the court retained jurisdiction by summarily revoking Ferguson's probation in December 2020 but acknowledged that the clerk's transcript did not contain a minute order to that effect and relied on a statement in a probation report.

In view of this jurisdictional issue, we asked the parties for supplemental briefs to address whether the trial court had summarily revoked Ferguson's probation on December 30, 2020, and the effect, if any, of the absence from the appellate record of the order summarily revoking probation on this case.  In his supplemental brief, Ferguson asserted that the absence of an order means no such order exists for purposes of this appeal. The People urged us to infer the existence of the order based on other documents in the record but failed to provide record evidence of the order. We gave the parties notice that we intended to take judicial notice of the trial court's register of actions for this case sua sponte. (See Cal. Rules of Court,[3] rule 8.82 ["Court record" defined to include "any court minutes, index,

[3] Further rules citations are to the California Rules of Court.

5

register of actions, or docket"].)  The register of actions did not reflect any order summarily revoking probation in December 2020.

On the eve of oral argument, the People moved to augment the record with an unstamped Judicial Council form titled "Warrant Request and Order," signed and dated December 30, 2020, issuing a warrant for Ferguson's arrest and summarily revoking his probation.  The People stated they had obtained this document from the probation department.  At oral argument, the People urged us to rely on that document despite there being no indication of it ever having been filed.  Ferguson argued we could not rely on it because the absence of filing rendered it invalid.

After oral argument, we requested from the superior court clerk, and received, a copy of the document listed as an arrest warrant on the register of actions and dated as having been filed in December 2020.  That document, which is substantively identical to the Warrant Request and Order submitted by the People on the eve of oral argument, was stamped "Received" on January 4, 2021, and "Filed" on September 7, 2022.  We subsequently took judicial notice of the newly received order sua sponte.  (See Rule 8.82.)  The order reflects that the trial court did in fact summarily revoke Ferguson's probation in December 2020.  Thus, we hold the court retained jurisdiction to permanently revoke Ferguson's probation in November 2022.  (*People v. Leiva*, *supra*, 56 Cal.4th at p. 515.)

## II.

### *Ferguson Cannot Challenge the Sufficiency of the Evidence Without a Certificate of Probable Cause.*

Ferguson contends that even if the trial court had jurisdiction, it abused its discretion because there was insufficient evidence to support the finding of a willful violation of probation.  We disagree.

6

"A court may revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his . . . probation.' " (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981.) " 'It is well established that a probation violation must be willful to justify revocation of probation.' " (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.) The court's decision to revoke probation is reviewed for substantial evidence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Here, Ferguson admitted the allegations in the revocation petition and waived his  right to a formal revocation hearing. Ferguson argues he only admitted some technical violations of probation but did not admit any willful violations. The People argue Ferguson cannot challenge the sufficiency of the evidence because he admitted violating probation and did not obtain a certificate of probable cause. We agree with the People.

Section 1237.5 requires a defendant to obtain a certificate of probable cause to appeal from "a judgment of conviction upon . . . a revocation of probation following an admission of violation." "Where a defendant is attacking the validity of that admission, a certificate of probable cause is required under the express terms of section 1237.5." (*People v. Billets* (1979) 89 Cal.App.3d 302, 307.) Ferguson's challenge to the willfulness of the violations alleged is a challenge to the validity of his admissions. (*People v. Sem, supra,* 229 Cal.App.4th at p. 1188.) Thus, Ferguson's admission to violating probation "waives an appellate claim of the nature 'there is insufficient evidence supporting my plea' " absent a certificate of probable cause. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364-1365.)

7

### III.

### *The Trial Court Did Not Abuse Its Discretion in Sentencing Ferguson to the Upper Term of Four Years.*

Next, Ferguson argues the trial court abused its discretion by sentencing him to the upper term of four years because it impermissibly relied on events that occurred after the grant of probation and did not consider various mitigating factors.  We are not persuaded.

"Sentencing choices such as the one at issue here, whether to reinstate probation or sentence a defendant to prison, are reviewed for abuse of discretion.  'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' " (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.)  The defendant has the burden to demonstrate an abuse of discretion.  (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.)

After deciding to revoke probation, the trial court "must impose judgment and sentence after considering any findings previously made . . . .  The length of the sentence must be based on circumstances existing at the time supervision was granted, and subsequent events may not be considered . . . ."  (Rule 4.435(b)(1).)  The rule "clearly prohibits the superior court from considering events subsequent to the grant of probation when determining the length of a prison term upon revocation of probation."  (*People v. Goldberg* (1983) 148 Cal.App.3d 1160, 1163, fn. 2.)  The "spirit and purpose of the rule" is to "preclude the possibility that a defendant's bad acts while on probation" will influence his sentence upon revocation of probation.  (*Id.* at p. 1163.)

Rule 4.435 does not, however, preclude a trial court from considering events occurring between an initial grant of probation and the most recent

reinstatement of probation. (*People v. Black* (2009) 176 Cal.App.4th 145, 150-151 (*Black*);[4] *People v. Harris, supra,* 226 Cal.App.3d at p. 145.) Ferguson was found to have violated his probation twice before November 14, 2022—in December 2018 and July 2019. Under *Harris* and *Black*, the trial court was entitled to consider Ferguson's poor performance on probation from the time probation was initially granted until the last reinstatement in July 2019 as an aggravating factor for sentencing purposes.

In sentencing Ferguson, the trial court found as a factor in aggravation that "his prior performance on probation and parole have been unsatisfactory. This is his third violation." The People argue that the court's reference to Ferguson's prior performance on probation and parole is to grants of probation in earlier cases before the instant case.[5] The court's statement that this was his third violation suggests it was not so limited. However, assuming the trial court improperly considered Ferguson's performance on probation, we find this error harmless.

"The mere fact a trial court erroneously relies upon certain factors in imposing an upper term does not per se require reversal. Reversal is only required where there is a reasonable probability the trial court would sentence the defendant differently absent the erroneous factors. [Citation.] Thus, where the trial court has stated several factors warranting the upper term, and only some of those factors are erroneous, the sentence is generally

---

[4] Ferguson suggests that *Black* was wrongly decided because it is incompatible with Rule 4.435. We disagree. *Black* relied on *People v. Harris* (1990) 226 Cal.App.3d 141, and both decisions continue to be good law.

[5] The original probation report noted that Ferguson did "not appear to be a suitable candidate for probation because of his significant prior record, poor performance on both parole and probation, and lengthy history of drug abuse and violence." Thus, the trial court could consider this prior performance on parole and probation in its sentencing decision. (Rule 4.435.)

affirmed. [Citations.] Indeed, even one valid factor is sufficient to justify the upper term." (*People v. Holguin* (1989) 213 Cal.App.3d 1308, 1319.) When a trial court gives both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. (*People v. Price* (1991) 1 Cal.4th 324, 492; *Black*, *supra*, 176 Cal.App.4th at p. 152.)

Here, there is no indication in the record that the trial court would have imposed a lesser sentence had it not considered Ferguson's performance on probation in this case. As noted by the trial court, Ferguson was granted probation based on a plea agreement despite factors indicating he was not suitable, such as his prior criminal history. In sentencing Ferguson to the aggravated term, the court explicitly relied on Ferguson's "five prior felony convictions, including a serious conviction for carjacking." The court described Ferguson's criminal history as "serious, consistent, substantial." Moreover, the original probation report stated that if the court were to deny probation, the probation department recommended the upper term of four years as the appropriate sentencing choice based on the factors in aggravation and mitigation at that time.

Ferguson also asserts the trial court failed to consider the factors in mitigation present at the original sentencing. The court, however, did consider his voluntary acknowledgment of wrongdoing at an early stage in the process and the letters of support submitted on his behalf, but found them outweighed by the factors in aggravation. Ferguson's acknowledgment of wrongdoing was the only circumstance in mitigation identified in the original probation report. Additionally, Ferguson fails to show that the additional mitigating factors he identifies in his briefing were findings

10

previously made by the court that it was required to consider. (See *People v. Vanella, supra,* 265 Cal.App.2d at p. 469; Rule 4.435(b)(1).) Thus, we hold the trial court did not abuse its discretion in sentencing Ferguson to state prison for the upper term of four years.

**IV.**

### *The Trial Court Did Not Err in Ordering Ferguson to Pay a Fine Without an Ability to Pay Hearing.*

Finally, Ferguson argues the trial court erred by imposing the minimum $300 restitution fine without finding Ferguson had an ability to pay, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The People argue this issue is forfeited because there was no objection at the trial court. Ferguson responds that no objection was required to preserve the issue for appellate review because the court raised the ability to pay issue sua sponte and stated it did not matter whether Ferguson had the ability to pay.

"In general, a defendant who fails to object to the imposition of fines and fees at sentencing forfeits the right to challenge those fines and fees on appeal. [Citations.] Following *Dueñas*, several courts have continued to apply forfeiture where a defendant fails to object to fines and fees on ability to pay grounds and the sentencing hearing was conducted after *Dueñas* was decided." (*People v. Ramirez* (2023) 98 Cal.App.5th 175, 224-225.)

" 'Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence.' " (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1119.) Ferguson argues that the futility exception to the forfeiture doctrine applies here. We disagree.

While the trial court imposed the statutory minimum restitution fine and opined that it did not matter if there was an ability to pay, it was incumbent on Ferguson to raise a *Dueñas* objection. It has been clear since

11

*Dueñas* that such challenges to minimum fines are also permissible.  Because the court raised the ability to pay issue sua sponte, Ferguson's counsel was put on notice that *Dueñas* was potentially relevant.  Additionally, Ferguson's sentencing hearing took place many years after *Dueñas* was decided, refuting the idea that an objection was " 'unsupported by substantive law then in existence.' " (*People v. Montes*, *supra*, 59 Cal.App.5th at p. 1119.)

Ferguson relies on *People v. Abbaszadeh* (2003) 106 Cal.App.4th 642 to argue that under these circumstances an objection would have been futile.  In *Abbaszadeh*, the trial court improperly instructed the jury to make up reasons to avoid jury service and hide their racial bias.  (*Id.* at pp. 644-647.) The court of appeal concluded the error was reversible despite the lack of objection at the trial court because, in part, an objection would have been futile since the trial court refused to acknowledge its error in a previous case. (*Id.* at pp. 644, 648-649.)  Additionally, the *Abbaszadeh* court reached the issue despite the lack of objection because the error was "shocking," "egregious" and affected "the structural integrity of the judiciary." (*Id.* at pp. 649, 650.)  Here, unlike *Abbaszadeh*, there is no indication that the trial court would not recognize a potential error in imposing the restitution fine without an ability to pay; nor was this an egregious error affecting the integrity of the judiciary.  Thus, by failing to object, Ferguson forfeited this claim.

## DISPOSITION

The judgment is affirmed.

12

_____

STEWART, P.J.

We concur.


_____

RICHMAN, J.


_____

MILLER, J.


*People v. Ferguson* (A167083)